### SELZER v. SELZER.

No. 3657. Opinion Filed October 13, 1914.

Rehearing Denied January 9, 1915.

(145 Pac. 318.)

1. APPEAL AND ERROR—Verdict—Conflicting Evidence—Suit Against Administratrix. Where, in a suit against an administratrix on a claim against deceased's estate, the evidence is conflicting, but sufficient to induce the jury to believe that the

claim, over the amount allowed by the administratrix, is not made in good faith, the court will not disturb a verdict in favor of defendant.

2. EXECUTORS AND ADMINISTRATORS—Taxation of Costs—Claim Against Estate—Verdict—Judgment. In a suit against an administratrix on a claim, part of which has been allowed against the estate, the court, on a verdict for defendant, should enter judgment for the amount so allowed and tax plaintiff with the costs.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*

*Jas. B. Cullison, Judge.*

Action by Louis Selzer against Rena Selzer, as administratrix of the estate of John F. Selzer, deceased. Judgment for defendant, and plaintiff brings error. Reversed, with directions to enter judgment for plaintiff.

*F. L. Boynton,* for plaintiff in error.

*R. F. Shutler* and *Hinch & Bradley,* for defendant in error.

TURNER, J. On July 22, 1911, plaintiff in error, Louis Selzer, in the district court of Kingfisher county, sued Rena Selzer, as administratrix of the estate of John F. Selzer, deceased. Paragraph 1 of his petition substantially states that in June, 1911, John F. Selzer died, and thereafter defendant was duly appointed and qualified as his administratrix; that in November, 1906, plaintiff loaned deceased $150, payable on demand on his parol promise to repay the same, and that the same was unpaid, and that there was due and owing thereon $195. Paragraph 2 was in effect that on September 14, 1908, plaintiff loaned deceased $800, and that the same was due and unpaid. Paragraph 3 was in effect that in September, 1910, while deceased was engaged in farming in Kingfisher county, plaintiff furnished him cash to the amount of $50, seed wheat of the value of $60, seed oats of the value of $50.40, in three different items of $16.80 each on differ-

ent dates, hay of the value of $15, work in sowing grain of the value of $10, in all $185.40, on which account $15 has been paid, leaving a balance due thereon of $170.40. In paragraph 4 he alleges that on August 6, 1909, plaintiff loaned deceased $10, no part of which had been repaid. He further alleges that when his sworn claim was presented to the administratrix she indorsed thereon:

"The above claim was presented to me this 17th day of July, 1911, for allowance, and on the 20th day of July, 1911, said claim was by me disallowed (except the following items by me allowed, namely:  To cash loaned to John F. Selzer, September, 1910, amount, $15.00; to 60 bushels of seed wheat, $60, October 10, 1910; 60 bushels seed oats, March, 1911, $16.80. All the rest of said claim is by me disallowed)."

—and that the disallowance was signed by defendant and concurred in by the county judge. Attached to the petition was an itemized claim, including the items allowed, for all of which he prayed judgment. By way of an amendment to the petition, plaintiff sought to charge the $800 as a lien on certain lands (described) located in Jefferson county, which he says were paid for in part with that amount. For answer, defendant alleged that the $91.80 allowed was sufficient to cover all liability of the deceased to plaintiff, and further pleaded a general denial, except as to matters set forth in paragraphs 1 and 2, to which she pleaded the bar of the statute. After reply, in effect a general denial, and trial to a jury and judgment for defendant, plaintiff brings the case here.

Various errors are assigned, but none of them, if error, are reversible. The facts disclose that no note or memorandum in writing of any kind evidenced the claim of the plaintiff for money alleged to be due him from deceased. The plaintiff was the father of the deceased, and was the only witness who testified directly concerning the $800 alleged to be due him. It was his contention that when he bought the Bongham place in 1908, there was a

mortgage on it for $1,000; that he borrowed $800 more on the place, and sent that amount to deceased in the shape of a certificate of deposit on the People's State Bank, which he indorsed and which was in evidence, indorsed by deceased. The claim was defended on the theory that deceased had relinquished a claim. on said place at the time plaintiff bought it, and thereby contributed to the purchase price $1,000, and that the $800 thus sent him was in part payment of that amount. As to the $150 item, it was conceded that the same was barred by the statute. The other items of the claim were supported by parol evidence only, adduced principally by plaintiff and his immediate family. On the other hand, it was shown that for years deceased had kept careful book accounts, even "to a postage stamp," in which none of the claims were mentioned. It is unnecessary to recite the testimony pro and con concerning the various items. The most that can be said of it, after a careful reading of it all, is that the same is conflicting and was sufficient to lead the jury to believe that the claim over and above the $91.80 allowed was not made in good faith. And it may be, too, that a young widow in tears with a "winsome baby" in her arms had something to do with the verdict, as claimed by plaintiff, but with this we have little concern. The jury had a right to believe her, which they did, and the books kept by her honest hard-working husband in preference to his father, mother, brother, and friends. And we will not disturb the verdict except to say that the court should have instructed the jury to bring in a verdict for at least the amount of $91.80 allowed by defendant on the claim. This pursuant to section 6349, Rev. Laws 1910, which reads:

"Whenever any claim is presented to an executor, administrator, or to the judge of the county court, and he is willing to allow the same in part, he must state in his indorsement the amount he is willing to allow. If the creditor refuse to accept the amount allowed in satisfaction of his claim, he shall recover no costs in an action therefor, brought against the executor or administrator,

unless he recovers a greater amount than that offered to be allowed."

But this will not work a retrial of the cause. Let the judgment be reversed, with directions to enter a judgment in favor of plaintiff and against defendant as administratrix for $91.80 and tax plaintiff with the costs.

All the Justices concur, except KANE, C. J., not participating.