NATIONAL LUMBER & CREOSOTING CO. v. ROBISON'S ESTATE.

No. 4554.    Opinion Filed June 8, 1915.

(149 Pac. 1133.)

1. EXECUTORS AND ADMINISTRATORS—Payment of Adjudicated Claim—Duty of Administrator. The effect of a judgment rendered against an estate on a rejected claim under section 6350, Rev. Laws 1910, is to adjudicate the same as a charge against the estate the same as if it had been allowed by the administrator and the county court, and, when a transcript of such judgment is filed in the probate proceedings, it becomes the duty of the administrator to pay the same in due course of administration.

2. EXECUTORS AND ADMINISTRATORS—Adjudicated Claim—Direction in Judgment—Effect. The fact that such judgment directs that an execution may issue thereon does not render it void or impair its effectiveness as an adjudicated claim against the estate.

(Syllabus by Galbraith, C.)

*Error from District Court, Carter County;*

*S. H. Russell, Judge.*

Action by the National Lumber & Creosoting Company against the estate of Joe F. Robison, deceased. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Potterf & Walker,* for plaintiff in error.

*J. B. Moore* and *J. A. Bass,* for defendant in error.

Opinion by GALBRAITH, C. This appeal brings up for review the judgment of the district court of Carter county rendered on an appeal from the county court of that county, in a probate proceeding. The plaintiff in error presented its claim against Joe F. Robison, deceased, to the administrator of his estate, and when the same was rejected proceeded to reduce the claim to a judgment in the district court of Carter county. This judgment was in the form following:

"Now, on this 14th day of June, 1910, this cause coming on regularly for hearing, and the plaintiff appearing by its attorneys, and the court having heretofore given judgment against the Ardmore Traction Company and Donald Fitzgerald, and they were not before the court in the trial of the cause this day, and it appearing to the court that the defendant Joe F. Robison had departed this life, and that Frank Robison, administrator of his estate, had been duly substituted as party defendant, in his place and stead, and that the said Frank Robison, administrator, was represented in court by his attorney, J. A. Bass, and the court being fully advised, finds as follows, to wit:

"(1) That this is a suit on a joint and several promissory note executed on March 2, 1908, and due on or before March 2, 1909, for the sum of $2,359.28, with interest at the rate of 8 per cent. per annum from date until

paid, with a provision for 10 per cent. attorney's fees in case of legal proceedings, and that said note was signed by the Ardmore Traction Company, Joe F. Robison, and Donald Fitzgerald and E. A. Rea.

"(2)   That at the maturity of said note the same was not paid, and that suit was filed on same and legal service obtained upon each of the defendants, save and except E. A. Rea, and that later, to wit, on the 6th day of November, 1909, judgment was had and obtained in this court against the defendants Ardmore Traction Company and Donald Fitzgerald, and also the defendant Joe F. Robison, but the judgment as to the defendant Robison was set aside subsequently, and a new trial granted to him.

"(3)   The court further finds that this note was given to plaintiff for material used by the Ardmore Traction Company, the said material being the poles in erecting said railroad line, and that said note is a joint and several note, but that the same was given as aforesaid, and that, while each and every one of the makers are equally liable in law on said note by the terms thereof, still the said Ardmore Traction Company received the consideration from this plaintiff, as aforesaid.

"It is therefore hereby ordered, adjudged, and decreed by the court that the plaintiff, the National Lumber & Creosoting Company, do have and recover of and from the estate of the said Joe F. Robison, deceased, of which Frank Robison is administrator, the sum of $3,019.87, together with interest on this amount from June 2, 1910, until the payment of this judgment, and, further, that said plaintiff do have and recover of and from said estate and the said Frank Robison, administrator thereof, all costs herein expended for which execution may issue."

On the 11th day of July, 1910, a certified transcript of this judgment was filed in the county court, in the probate proceedings, where the estate of Joe F. Robison was being administered. On July 31, 1911, the adminis-

trator of said estate made a report, setting out a list of the claims allowed and those rejected, and on this list the claim of the plaintiff appeared as a rejected claim. The plaintiff in error then filed a petition in the county court in said proceeding asking the court to direct the administrator of said estate to list and classify this claim with the claims allowed against said estate of Joe F. Robison, and directing him to pay the same in due course of administration; this order being in words and figures following:

"The court therefore finds that the filing of said transcript of judgment in this court on the day aforesaid duly established such claim as if it had been allowed by the administrator and the court, and it is hereby ordered, adjudged, and decreed that the said claim was and is allowed in the sum of $3,019.87, together with interest from the 14th day of June, 1910, and the costs of the court, against said estate of Joe F. Robison and Frank Robison, administrator; and the said administrator is hereby ordered and directed to pay said claim against said estate in due course of administration."

From this order the administrator, Frank Robison, and Mrs. Nora Robison Bomar, the heir of Joe F. Robison, deceased, prosecuted appeals to the district court, and upon a hearing these respective appeals were sustained; the district court holding that the county court had no jurisdiction to make the order appealed from, and directing the county court to vacate and set aside the same, and to enter an order sustaining a plea to the jurisdiction of the county court, and dismissing the motion of the plaintiff in error, and ordering that the costs of the proceeding be taxed against it, and that it take nothing on account of its said claim.

The district court evidently proceeded upon the theory that the judgment rendered in the district court was not

in the form prescribed in the statutes (section 6350, Rev. Laws 1910), and was therefore a void judgment, and that the subsequent proceedings to enforce the same were without any legal effect. The effect of the judgment rendered in the district court of Carter county in favor of the plaintiff in error on its claim, under the section of the statute above referred to, was to establish the same as an allowed claim against the estate of the deceased, the same as if it had been allowed by the administrator and the county court, and when a transcript of this judgment was filed in the probate proceeding pending in the county court, it then became the duty of the administrator to list said claim as an allowed claim against the estate, and to pay the same in the due course of the administration. It appears from the face of the judgment that it was a judgment against the estate of Joe F. Robison, deceased. *Selzer v. Selzer,* 45 Okla. 372, 145 Pac. 318. The fact that the judgment directed that execution might issue thereon was merely surplusage, and did not render the judgment void. It was said in *Southwestern Surety & Ins. Co. v. Hall,* 40 Okla. 447, 139 Pac. 305, in construing two judgments entered against different parties and on different dates to be a joint judgment:

"While the record discloses two judgment entries on different days, one against Appleton and Braziel, and the other against the surety company, as surety on their respective official bonds, they are, in effect, a joint judgment, and will be so considered by this court, for the reason that we look to the substance rather than form."

Looking to the substance, rather than to the form of this judgment, it appears that it was a legal adjudication of the allowance of the plaintiff in error's claim against the estate of Joe F. Robison, deceased, and that it was

the duty of the administrator of that estate to pay the same in due course of the administration.

It follows that the order of the county court directing him to do this was right, and that the order of the district court holding that the county court was without jurisdiction to make this order was wrong.

We therefore recommend that the judgment appealed from be reversed, and said cause remanded to the district court of Carter county for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.