JOHN W. VANCE, Respondent, v. J. A. HANSON, as Administrator
in the Matter of the Estate of Ole J. Hanson, Deceased, Annie J.
Hanson and People's Realty Company, a Corporation, Defendants,
and J. A. HANSON, Administrator, etc., and Annie J. Hanson,
Appellants.

(34 A.L.R. 348, 196 N. W. 750.)

**Bills and notes — burden on plaintiff to prove execution of note denied by maker.**

1. Where the execution of the note sued on is denied by the defendant, who
is the alleged maker thereof, the burden is on the plaintiff to prove the execu-
tion of the note.

**Executors and administrators — administrator substituted as defendant in action may waive presentation of claim.**

2. While an administrator may not waive the provisions of law requiring a
creditor of a decedent to present his claim to the administrator, so as to re-
lieve such creditor from the bar of the statute of nonclaim, an administrator,
who has been substituted as a party defendant in an action pending against
the decedent at the time of his death, is not inhibited from waiving formal
presentation of the claim in suit where such claim is not barred by the stat-
ute of nonclaim.

**Executors and administrators — evidence held to show executor waived pre-sentation of claim.**

3. For reasons stated in the opinion it is *held* that the trial court did not
err in ruling, in the instant case, that the administrator waived formal pre-
sentation of the claim in suit.

**Evidence — sufficiency and insufficiency as to certain parties.**

4. For reasons stated in the opinion it is held that the findings of the trial
court to the effect that the decedent signed the note in suit are sustained by
the evidence; but that the findings to the effect that Annie J. Hanson signed
the note is not sustained by the evidence.

Opinion filed December 13, 1923.

Bills and Notes, 8 C. J. § 1302 p. 998 n. 8; § 1360 p. 1050 n. 37. Executors
and Administrators, 24 C. J. § 1841 pp. 748 n. 94, 95; 749 n. 98. Waiver, 40
Cyc. p. 261 n. 10.

**Note.**—See under (1) burden of proof of execution of note, see 3 R. C. L. 1338;
1 R. C. L. Supp. 1027; 4 R. C. L. Supp. 245; 5 R. C. L. Supp. 224.

From a judgment of the District Court of Cass County, *Cole,* J., the defendants, J. A. Hanson, as administrator of the estate of Ole J. Hanson, and Annie J. Hanson, appeal.

Affirmed as to the defendants, J. A. Hanson, as administrator of the estate of Ole J. Hanson, and reversed and remanded for a new trial as to the defendant, Annie J. Hanson.

*Brickner & Knox,* for appellants.

Plaintiff suing an administrator upon a note had the burden of alleging and proving in the trial court every fact essential to maintain the action. Dakota Nat. Bank v. Kleinschmidt, 33 S. D. 132, 144 N. W. 934.

One suing an administrator on a note executed by decedent has the burden of proof on the plea of non est factum. Radford v. Harris, 144 Ky. 809, 139 S. W. 963.

When the execution on a note is denied, a delivery of the writing must be proved as well as the signatures of the parties disputing its validity. A plea of non est factum is not necessary, in an action on a note against the administrator of one of the parties, to impose upon the plaintiff the burden of proving the execution and assignment of the note. Digan v. Mandel, 176 Ind. 586, 110 Am. St. Rep. 515, 79 N. E. 899.

Proof of the handwriting of the party deceased or of the execution of the note by him must be had in order to make it admissible in evidence. Mahm v. Sawyer, 18 Ind. 73.

In an action upon a written contract or note against the estate of the maker, execution thereof must be proved, and failure to object to the introduction of a note in evidence does not waive the necessity of proof of its execution. Canwood v. Lee, 32 Ind. 44.

This question is settled and no longer open to discussion in Indiana. Barnetts v. Cabinet Makers Union, 28 Ind. 254.

Proof of execution of notes must be produced before they are admissible in evidence. Riser v. Snoddy, 7 Ind. 442, 65 Am. Dec. 740.

One presenting for allowance a note claimed to have been signed by intestate must make a prima facie showing that it was signed by him before burden of showing it was forged shifted to administrator. Jenkins v. Jenkins, 85 S. C. 537, 65 S. E. 736.

In an action on a note the answer being a general denial, the burden

is on the plaintiff to show the execution and delivery. Ohio Nat. Bank v. Gill Bros. 85 Neb. 718, 124 N. W. 152.

Where the execution of a note is denied there is no presumption in favor of its' regularity or the fairness of the transaction. Long v. Hoedle, 60 Or. 377, 119 Pac. 484.

A notice with the plea of general issue in an action upon a note purporting to have been executed by several defendants is sufficient to render it incumbent upon plaintiff to show the execution of the note before it can be offered in evidence. First Nat. Bank v. Saw, 149 Mich. 362, 13 L.R.A.(N.S.) 426, 112 N. W. 904.

At common law a party suing on an assigned note if the general issue was filed, was required to prove by a preponderance of the evidence the validity of both the execution and the assignment. Nokomis Nat. Bank v. Hendricks, 205 Ill. App. 54.

Plea of non est factum places the burden upon plaintiff of establishing defendant's execution of note. Joffre v. Mynatt (Tex. Civ. App.) 206 S. W. 951.

Strict proof of the genuine or proof paper should first be given; and nothing short of evidence of a person who saw him write the paper or an admission of its being genuine, or evidence of equal certainty, should be received for that purpose. Baker v. Haines, 6 Whart. 284, 36 Am. Dec. 226; Jumpertz v. People, 21 Ill. 420, 28 Am. Dec. 323, note.

"The necessity of proving the presentation and rejection of a claim against decedent's estate, and of suit begun within ninety days from such rejection, is upon plaintiff as a part of the proof of his cause of action, and this without regard to whether the defendant has answered pleading the statute of nonclaim." Mann v. Redmon, 27 N. D. 346.

"The provisions of this statute (8742) (nonclaim) cannot be waived by an administrator by demurring to the complaint." Mann v. Redmon, 23 N. D. 508.

"Plaintiff's right to recover, therefore, cannot be made to depend upon whether she can avoid the defense as pleaded, but must be decided instead upon whether she has established a cause of action." Mann v. Redmon, 27 N. D. 353.

These statutes should be strictly construed. Farwell v. Richardson, 10 N. D. 54; Singer v. Austin, 19 N. D. 551.

Waiver of presentment of claim cannot be made by administrator.

It is an obligation imposed by law, and he has no power to dispense with it. `Harp v. Callahan, 46 Cal. 233.

As to definition of claim California holds: The "word 'claim' includes every species of charge or account against estate." Ellissen v. Halleck, 6 Cal. 386, 393; Hibernia Sav. & L. Soc. v. Hayes, 56 Cal. 301; Estate of Swain, 67 Cal. 642, 8 Pac. 497.

The California statute is as follows: "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action, unless proof be made of the presentation required." Kerr's Code of Civ. Proc. § 1502.

"In an action pending at death of defendant in which his executors were substituted, it is error to enter judgment against them in absence of any proof that claim upon cause of action in suit was presented." Frazier v. Murphy, 133 Cal. 91, 65 Pac. 326; Falkner v. Hendy, 107 Cal. 49, 40 Pac. 21, 386; Derby v. Jackman, 89 Cal. 1, 26 Pac. 610; Bank of Stockton v. Howland, 42 Cal. 133.

No recovery can be had in action against executor unless claim be duly presented and this rule applied equally to action commenced against an executor and one pending at death of testator. Re Page, 50 Cal. 42; Rowland v. Madden, 72 Cal. 20, 12 Pac. 226, 870.

Effect of provision that no recovery shall be had unless proof be made of presentation required, plainly is that although due presentation of claim be not denied, still it must be proven and takes the matter out of the usual rule of pleading to be proven when denied, but not when admitted, and therefore, there can be no judgment without such proof in any action pending at death of defendant, where supplemental complaint necessarily alleges presentation of claim against the estate. Derby v. Jackman, 98 Cal. 1, 26 Pac. 610.

*Wood & Nuchols* and *I. H. Breaw,* for respondent.

Proof of the signatures on an instrument in writing may be made by any witness familiar with the handwriting of the signers thereof, and said witness need not be an expert. Stutsman Co. Bank v. Jones, 36 N. D. 531, 162 N. W. 402; 22 C. J. 942, 943.

It is a well settled rule of law that where the plaintiff and defendant respectively move for a directed verdict in their behalf the case, whether

of law or fact, is automatically taken from the jury and it is then in the province of the court to decide the whole thereof. Van Woert v. Modern Woodmen, 29 N. D. 441; Fried v. Olson, 22 N. D. 381; Peterson v. Mahon, 27 N. W. 92; Sharon v. Coats, 29 S. D. 603, 137 N. W. 402.

Presentation of a claim to the administrator or personal representative of a deceased defendant is unnecessary under our statute, in a case analogous to the one at bar. Gordon v. Sterling, 13 How. Pr. 405; Keene v. La Farge, 16 How. Pr. 377; Gardner v. Walker, 22 How. Pr. 405; Chapman v. Foster, 15 How. Pr. 241.

"An executor or administrator may waive service of the notice of a claim by either a writing or by appearance in court." Faler v. Culver, 94 Kan. 123, 146 Pac. 333; 2 Church, Probate Law & Proc. 1826, p. 4.

"Bringing in action in Federal court is sufficient presentation of a claim to an administrator." 171 Fed. 1.

The law does not require idle acts. Comp. Laws 1913, § 7266.

The law respects form less than substance. Comp. Laws 1913, § 7262.

When the reason of a rule ceases, so shall the rule itself. Comp. Laws 1913, § 7244.

CHRISTIANSON, J. The complaint in this action alleges that the plaintiff is the owner and holder of two certain promissory notes, to wit: one note in the sum of $1,000, executed by Ole J. Hanson, dated April 11th, 1921, payable to the order of People's Realty Company on or before November 1st, 1921, with interest at 6 per cent per annum; and one certain promissory note in the sum of $2,559, dated April 11th, 1921, executed by Ole J. Hanson and Annie J. Hanson, payable to the order of the People's Realty Company, on or before November 1st, 1921, with interest at 6 per cent per annum. The complaint further alleges that these notes were indorsed to the plaintiff by the People's Realty Company, before maturity thereof; that they were duly presented to the defendants for payment; that they were not paid, and that notice of said presentment and nonpayment was given to said People's Realty Company.

This action was instituted May 21st, 1922. The defendants Ole J.

Hanson and Annie J. Hanson interposed a verified general denial. The defendant, People's Realty Company, in its answer, admits its corporate existence, but denies all the other allegations in the complaint. It further alleges that the plaintiff failed to present the notes for payment and failed to give notice of presentment and nonpayment to said defendant People's Realty Company. The case came on for trial on February 1st, 1923. It was stated in open court that the defendant Ole J. Hanson had died, and that one J. A. Hanson had been appointed administrator of his estate. Said J. A. Hanson was thereupon substituted as a party defendant in the place of said Ole J. Hanson, but no supplemental or amended complaint was filed. Immediately after such substitution had been ordered, defendants' counsel stated that he appeared as attorney for the administrator; and in behalf of said administrator interposed the answer already interposed in behalf of Ole J. Hanson; and the court ordered that such answer stand as the answer of the administrator. At the conclusion of plaintiff's case defendants' counsel moved that the action be dismissed, which motion was denied. The motion for a dismissal was made jointly in behalf of all three defendants, and no dismissal was asked as to the defendant administrator on the ground that plaintiff had failed to prove that the claim in suit had been presented to the administrator for allowance or rejection. The administrator was thereupon called as a witness in his own behalf and testified that he could not remember on what date he was appointed administrator but that so far as he knew he had in fact been appointed administrator; that he had never seen the notes in suit before they were exhibited to him in the court room. He was then asked if a claim had ever been made to him for payment of the notes in suit. To this question an objection was interposed on the ground that it was incompetent, irrelevant and immaterial, inadmissible under the pleadings and had no tendency to prove any issue before the court. Before ruling on the objection the court inquired as to the materiality of the evidence sought to be elicited by the proposed question. Defendants' counsel thereupon called the court's attention to § 8744, Comp. Laws 1913, which reads:

"If any action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the

executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required. Whenever any claim is presented to an executor or administrator, or to the county judge, and he is willing to allow the same in part, he must state in his indorsement the amount he is willing to allow. If the creditor refuse to accept the amount allowed in satisfaction of his claim he shall recover no costs in an action therefor, brought against the executor or administrator, unless he recovers a greater amount than that offered to be allowed."

The trial court thereupon expressed the belief that the statute was not applicable to this action, but that if it was applicable, the defendant had waived the requirement of the statute that a claim be presented by the proceedings had in court up to that time; that he had agreed that the cause should proceed to trial with the administrator substituted in place of decedent and upon the issues framed by the original pleadings; that the case went to trial under the arrangements so made and that no question was raised at any time during the presentation of plaintiffs' case as to the necessity of presenting a claim to the administrator under § 8744, supra. At the conclusion of all the evidence, plaintiff moved the court to direct the jury to find a verdict in favor of the plaintiff and against all the defendants. Defendants' counsel moved for a directed verdict in favor of the defendant People's Realty Company, and Annie J. Hanson. The court discharged the jury and later made findings of fact and conclusions in favor of the plaintiff and against all the defendants. The defendants Annie J. Hanson, and J. A. Hanson, as administrator of the estate of Ole J. Hanson, have appealed from the judgment. No appeal has been taken by the defendant, People's Realty Company.

On this appeal it is contended by the appellants that the evidence is insufficient to establish that the notes in suit were executed by Ole J. Hanson and Annie J. Hanson. It is also contended that the suit against the administrator must fail because of the failure of the plaintiff to present proof showing that the claim had been presented to the administrator as required by § 8744, supra. A careful examination of the evidence leads us to the conclusion that there is no competent evidence sustaining the finding that Annie J. Hanson executed the

notes in suit. In her answer she denied the execution of the note and we fail to find any evidence in the record, whatever, from which a conclusion can reasonably be drawn that she did, in fact, execute the note in suit. Under the issues framed by the pleadings here the plaintiff had the burden of proving the execution of the note. 8 C. J. 988. We are of the opinion, however, that so far as Ole J. Hanson is concerned there is sufficient evidence to sustain the finding that he executed the notes. Not only is there evidence tending to show that he did execute the notes, but there is uncontradicted evidence tending to show that he later recognized the obligation evidenced by the notes.

Is the plaintiff precluded from recovery by reason of his failure to present the claim to the administrator as required by § 8744, supra? After a careful consideration we have reached the conclusion that this question should be answered in the negative.

The statutes requiring a creditor to present his claim to the executor or administrator for allowance or rejection before he can institute an action on the claim are intended solely for the benefit of the estate which is being administered and the administrator or executor thereof. Among others, it is the purpose of such requirement to provide an orderly procedure in the presentation of claims against the decedent and to enable the executor or administrator to adjust the claim without the expense incident to litigation. Sunberg v. Sebelius, 38 N. D. 413, 165 N. W. 568; 2 Woerner, Administration, 2d ed. p. 867.

It is true, a party who has and desires to enforce a claim against the estate of a deceased person must present such claim to the administrator in the manner and within the time prescribed by law. And failure to present it constitutes an absolute bar. Comp. Laws 1913, § 8736. And the administrator who stands as the representative of *all* creditors as well as all heirs, legatees and distributees, is not at liberty to extend indulgence to a certain creditor or creditors to the detriment of other parties represented by him; and he may not, in disregard of the legal rights of such parties, waive the defense afforded by the statute of nonclaim and thereby permit a creditor whose claim is barred by such statute to recover from the estate. Comp. Laws 1913, §§ 8734 and 8736; Mann v. Redmon, 23 N. D. 508, 137 N. W. 478. The case before us, however, is not one in which plaintiff's claim was barred by the statute of non-claim and where the administrator waived or at-

tempted to waive a defense which would defeat the claim, for even though the administrator was appointed at the earliest possible moment and notice to creditors was published as speedily as possible, the time in which to present claims could not possibly have expired at the time of the trial. In fact, it does not appear in this case that notice to creditors had been published at all prior to the time of the trial. In these circumstances we believe that the administrator might agree to waive formal presentation of the claim in a then pending action. We fail to see where such an arrangement is inhibited by law or contrary to sound policy. Such waiver could in no manner prejudice any substantial right of the other parties represented by the administrator. On the contrary it might be for the convenience of the administrator and to the advantage of the estate to have the legal questions, upon which liability did or did not depend, submitted to a court for determination.

The question of waiver is, of course, one of intention and we believe that upon the record here the trial court was justified in holding that the administrator intended to waive the formal presentation of the claim in suit; and that he (the administrator) led the other party to the controversy to believe that it was his desire to obtain from the court a determination of the questions involved in the then pending action for his guidance; and that the allowance or rejection of the claim would depend upon the determination of such questions in the then pending litigation. To permit the administrator afterwards to raise the question of nonpresentation would, in effect, permit him to change his purpose to the injury of another. This he may not do. Comp. Laws 1913, § 7246. Hence, upon the record before us, we are of the opinion that the judgment against the administrator should be affirmed, but that the judgment against Annie J. Hanson should be reversed and a new trial had. It is so ordered.

BRONSON, Ch. J., NUESSLE, BIRDZELL, and JOHNSON, JJ., concur.