## KENNEDY, Adm'r, v. EVANS.

No. 13400—Opinion Filed April 1, 1924.

1. **Executors and Administrators—No Execution on Judgment.**

Under section 1246, Comp. Stat. 1921, no execution can be issued upon a judgment rendered in the district court against an administrator.

2. **Same—Claim—How Paid.**

Section 1256, statute, supra, et seq., provides "due course of administration" for the payment of such judgment as a claim out of the property of decedent, under the orders and authority of the court.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

J. C. Evans had judgment in the district

court against A. D. Kennedy, administrator of the estate of Charles Burton, deceased. From an order overruling motion to quash writ of execution on such judgment, administrator appeals. Reversed.

G. E. Cassity, for plaintiff in error.

J. C. Evans and Wallace & Stephens, for defendant in error.

Opinion by ESTES, C. Defendant in error, Evans, had judgment against A. D. Kennedy, as administrator of the estate of Charles Burton, plaintiff in error, in the district court for $150 for legal services rendered in the matter of such estate. Parties will be referred to as they thus appeared in the trial court. Plaintiff caused execution to be levied upon certain real estate of decedent. Defendant filed motion to quash the writ of execution for that same was issued contrary to law. From an order overruling such motion, defendant appeals. The sole question presented is, Did the trial court err in overruling said motion?

1. Section 1246, Comp. Stat. 1921, is:

"A judgment rendered against an executor or administrator, in the district court or before a magistrate, upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator, and the judge of the county court, and the judgment must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due. A certified transcript of the judgment must be filed in the county court. No execution must issue upon such judgment, nor shall it create any lien upon the property of the estate, or give to the judgment creditor any priority of payment."

The foregoing is plain as to the effect of a judgment against an administrator and exclusive as to the manner of payment, notwithstanding it does not contain words directing the manner. In National Lumber & Creosoting Co. v. Robinson's Estate, 48 Okla. 140, 149 Pac. 1133, it is held that when a transcript of such judgment is filed in the probate proceedings, it becomes the duty of the administrator to pay the same in due course of administration, and that if the judgment directs that an execution issue thereon, such provision of the judgment does not render the same void or impair its effectiveness as an adjudicated claim against the estate. Several other sections of the statutes are consonant with the theory that claims can be paid only through the probate court. In Kilpatrick v. Haley (Colo.) 60 Pac. 331, it is held that a judgment against an administratrix for costs should not authorize plaintiff to have execution therefor, and that

judgment in such case is payable, under the Colorado statutes, out of decedent's estate, "in due course of administration." In Vance v. Smith (Cal.) 56 Pac. 1031, the judgment against the administratrix did not provide that same should be paid in due course of administration. The court, in construing a statute identical with the one first above set out, remanded the cause to the court below with instructions to modify the judgment by adding such direction. Said statutes of this state preclude any method of collecting a judgment against an administrator, except as thus provided. No common law right exists—as contended by defendant—to levy execution against the property of decedent.

2. Section 1256, statutes supra, provides, in substance, "All the property of a decedent" — with certain exceptions — "shall be chargeable with the payment of the debts of the deceased * * * and the property, personal or real, may be sold as the court may direct, in the manner hereinafter prescribed." Thus, "due course of administration" is provided. Plenary power is, by the statutes, vested in the county court by its orders and otherwise to compel payment of claims against the estate of a decedent.

It follows that the judgment of the trial court herein should be reversed. It is so recommended.

By the Court: It is so ordered.