## POOL v. BURSON et al., Adm'rs.

No. 22836.   Oct. 16, 1934.

Ford & Montgomery and Hal S. Burke, for plaintiff in error.

J. E. Burns, for defendants in error.

PER CURIAM. The plaintiff in error, as plaintiff, commenced an action for damages for breach of a contract of marriage against one Wallace Lindsay, during his lifetime. Prior to the time of the trial of the cause, the defendant, Wallace Lindsay, died, on August 23, 1930. On January 26, 1931, the plaintiff filed a motion for a revivor of said action, alleging that the defendant died on that date, and further alleging the appointment of the present defendants in error as administrators of his estate. No claim was ever filed by the plaintiff with the administrators, nor with the probate court. The order was made reviving the action on the same day the motion was filed, to wit, January 26, 1931.

On April 1, 1931, the cause came on for trial and the plaintiff was granted leave to amend her petition to show that notice to creditors of the estate of the deceased was first given on October 9, 1930, and that the time to present claims against the estate expired on February 9, 1931.

Thereupon the defendants moved that the cause be dismissed upon the pleadings and that judgment be rendered in favor of the defendants. The plaintiff admitted formally that no claim was ever filed with the administrators nor with the probate court. Upon that formal admission the court held that the action could not be maintained, and rendered judgment in favor of the defendants.

From this judgment the plaintiff appealed, and there is presented the question of whether or not, when an action for damages for a breach of contract is pending against one at the time of his death, the action may be maintained against his personal representatives without the filing of a claim against the estate, as required by the Probate Code, even though an order be made reviving the cause within the four months' period allowed for the presentation of claims.

The question is answered by the statute itself. Section 1244, Comp. Okla. Stats. of 1921 (1243, O. S. 1931) provides as follows:

"If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery can be had in the action unless proof be made of the presentation required."

It is contended, however, that the fact that the pending action was revived within the four-month period allowed for the presentation of claims makes the filing of the claim unnecessary. We do not agree with this contention, as we regard it as being foreclosed by the language of the above-quoted statute. We have examined the case of Bilby v. Hart-Parr Co., 102 Okla. 53, 226 P. 360, which is cited in support of this contention, but we find it not to be in point.

In Romero v. Hopewell (N. M.), 210 P. 231, the contention of plaintiff in error is upheld, but an examination of that case discloses that it is based on an entirely different statute, and in the opinion reference is made to the fact that the rule is different in several states, including Oklahoma.

In Delfelder v. Farmers State Bank of Riverton (Wyo.) 269 P. 418, under a statute identical with ours, that court reaches the same conclusion as we reach here.

Some suggestion is made by plaintiff in error to the effect that the cause of action is one for seduction, which would be a tort

rather than for damages for breach of the contract of marriage. On this point it is sufficient to say that we have examined the petition, and hold that it presents a cause of action for a breach of contract rather than for a tort. That being true, the failure to file the claim was fatal to the further prosecution of the action, and the judgment of the trial court should be affirmed.

The Supreme Court acknowledges the aid of Attorneys Don Welch, A. H. Ferguson, and D. S. MacDonald in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Don Welch and approved by Mr. Ferguson and Mr. MacDonald, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.