FILTSCH v. SIPE, Adm'r.

No. 31898. Oct. 22, 1946.

Rehearing Denied March 25, 1947.

*178 P. 2d 612.*

P. D. Erwin, of Chandler, for plaintiff in error.

Walter G. Wilson, of Chandler, for defendant in error.

C. J. Davenport, of Sapulpa, and G. C. Spillers, of Tulsa, amici curiae.

HURST, V.C.J. This is a probate appeal involving a claim against the estate of Emery A. Foster, deceased. The facts material to the issues presented are these:

Foster died on March 4, 1936. Prior to his death, he executed and delivered to Fannie Filtsch, claimant and appellant herein, a note for $500, secured by a real estate mortgage. On September 29, 1937, Harriet C. Foster, his widow, was appointed administratrix of his estate, and on October 20, 1937, she caused notice to creditors to present claims to be posted and first published as required by law. After Foster's death, but before the appointment of the administratrix, Fannie Filtsch filed cause No. 12220 in the district court of Lincoln county against Foster's widow and three children to recover the amount due on said note and to foreclose the mortgage securing the same. After her appointment, the widow, as such administratrix, was made a party defendant in said action, and Fannie Filtsch, plaintiff in said action, filed an amended petition, realleging the allegations contained in her original petition and further alleging the appointment of the administratrix and that she had been made a party defendant, and prayed for the same judgment for which she prayed in her original petition. The administratrix filed an answer consisting of a denial of the allegations of the petition as amended.

On February 12, 1938, judgment was rendered in favor of the plaintiff and against the administratrix in cause No. 12220 for the recovery of $500 with interest at the rate of 10% per annum from July 9, 1931, attorney's fees of $50, and for foreclosure of the mortgage securing said indebtedness. On December 12, 1938, the mortgaged property was sold by the sheriff to the plaintiff pursuant to the foreclosure decree for $300 and the sale was confirmed on January 4, 1939. On June 2, 1943, Foster's widow was removed as administratrix and George E. Sipe was appointed as administrator to succeed her. On June 25, 1943, a certified copy of the journal entry of judgment in cause No. 12220 was filed in the probate cause. On September 10, 1943, the administrator filed his final account stating that no claims had been presented and asking that the property consisting of interests in real estate be assigned and set over to the widow and three children as provided by law. To this final

account, Fannie Filtsch filed objections claiming that she was a creditor of the estate by virtue of the rendition of said judgment and the filing of a certified copy thereof in the probate cause, and that there was due and unpaid on said judgment approximately $900. The county court overruled the objections, denied the claim of Fannie Filtsch, and entered a decree assigning and setting over the property to the widow and three children, as sole heirs. From said order, Fannie Filtsch appealed to the district court.

On trial de novo in the district court, Fannie Filtsch introduced in evidence the petition, amendment to the petition, amended petition, journal entry of judgment, order and return of sale, and order confirming sale in cause No. 12220, and also the files in the probate cause. It was stipulated that the $300 purchase price of said mortgaged premises is all that has been paid on the judgment in cause No. 12220. The district court entered judgment affirming the judgment of the county court and denying the claim, and from that judgment Fannie Filtsch has perfected this appeal.

The appellant argues the case under three propositions: (1) That the judgment against the administratrix established a valid claim against the estate, (2) that the joinder of the administratrix as a party defendant and entry of judgment during the four months allowed for presentation of claims constitute a substantial compliance with the statutes requiring the presentation of claims, and (3) that the judgment is conclusive of all defenses that might have been pleaded, including the defense that no claim was presented, and is immune from collateral attack.

The appellee argues (1) that the action in district court was not a suit on a rejected claim, but was simply a foreclosure action, and the question of establishing a claim was not made an issue, and the judgment did not have the effect of establishing a claim for the deficiency, and (2) that if the judgment

was intended to have that effect, it is void because not within the issues made by the pleadings and because no claim was presented on the indebtedness.

We find it necessary to consider only the question of whether the judgment of foreclosure, when properly construed, was intended to have the effect of establishing a claim against the estate.

Chapter 7 of title 58 O.S. 1941 §§331-354, governs the establishment and payment of claims against the estates of decedents. The parties must be deemed to have been familiar with these sections of the statutes in prosecuting and defending the action. The last part of section 333 relates to claims on contracts made after the effective date of 1910 Revised Laws, which was May 16, 1913. It provides:

". . . All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever: Provided, however, that when it is made to appear by the affidavit of the claimant, as above provided, that he had no notice by reason of being out of the state, it may be presented as therein provided: Provided, further, that nothing in this section, nor in this Chapter contained, shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real property of decedents, but every such mortgage may be foreclosed within the time and in the mode prescribed in civil procedure, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by this code."

Section 334 requires that claims so presented must be supported by affidavit. Section 337 requires the executor or administrator to act upon such a *verified* claim within a certain length of time after presentation. Section 339 authorizes suit on rejected claims. Section 341 provides:

"No holder of any claim against an estate shall maintain any action there-

on, unless the claim is first presented to the executor or administrator."

Section 345 provides that a judgment on a claim simply establishes the claim which has been rejected, and the judgment must be that the executor or administrator pay the claim as established in due course of administration. Since the claim here is for the balance due after foreclosure of the real estate mortgage, it is governed by the last portion of section 333, above quoted.

The petition and the amendments thereto did not mention the word "claim" or contain the allegation that a claim for the indebtedness had been presented or rejected, as it should have done to state a good cause of action to establish the claim. Walker Drilling Co. v. Carlew Drilling Contractors, 109 Okla. 7, 234 P. 598. The suit was filed against the widow and children before the widow was appointed administratrix. The widow and children did not sign the note and hence were not personally liable, and, while a personal judgment and foreclosure of mortgage was prayed for, it could only have been fairly intended as a foreclosure action. The prayer of the amended petition under which the administratrix was made a party defendant was that plaintiff have "judgment as prayed in her original petition". The petition did not contain a prayer that the indebtedness be established as a claim or for a deficiency judgment. It was not verified or served upon the administratrix, as in Clayton v. Dinwoodey, 33 Utah, 251, 93 P. 723, cited by appellant, so as to be a substitute for a verified claim if, in fact, it could have such effect, which we, do not decide. The administratrix, by not pleading the nonpresentation of a claim as a defense, evidently construed the petition as asking merely a foreclosure of the mortgage. The journal entry of judgment recited that the plaintiff introduced "her testimony consisting of note and mortgage sued upon herein, and rests" and made no mention of a claim against the estate. It did not purport to establish a claim against the estate. It did not provide that the debt be paid in due course of administration. It directed the issuance of an order of sale after an expiration of six months, but did not provide for the collection of a deficiency in the event the mortgaged property did not sell for enough to pay the amount due on the note and mortgage. The order confirming sale did not refer to a deficiency.

Assuming that the judgment is not clear on the question involved, the rule is that in construing a judgment that is obscure or ambiguous to determine what issues were adjudged, it is proper to consider the pleadings, verdict or findings, and the entire record, in the light of the applicable statutes, and it will be presumed that the court, in entering the judgment, intended to render a valid judgment, one only on the issues presented. Reaves v. Turner, 20 Okla. 492, 94 P. 543; Western Paving Co. v. Board of Com'rs of Lincoln County, 183 Okla. 281, 81 P. 652; West's Okla. Digest, Judgment, §§ 524, 526; 34 C.J. 503, 504; Freeman on Judgments (5th Ed.) 76.

Under the foregoing circumstances, and in view of the statutes above referred to and the presumption that the plaintiff was familiar with, and intended the action to be governed by, such statutes, we are of the opinion, and hold, that cause No. 12,220 was intended as simply a foreclosure action, and it was not intended by the parties or the court that the judgment have the effect of establishing a claim against the estate, but it was intended that it be a judgment in rem foreclosing the mortgage. The county and district courts evidently placed this construction on said judgment.

The case, Fluke v. Douglas, 158 Okla. 300, 13 P. 2d 210, is in point and involves a similar fact situation. There it was held that where the petition failed to allege the presentation of a claim against the estate of a decedent, the issue was not presented to the court and the judgment establishing the claim against the estate was void, but that the

judgment foreclosing the mortgage was valid. See, also, in this connection In re Angarer's Estate, 202 Iowa, 611, 210 N.W. 810.

In view of what we have said, and of the recital of the judgment that the only evidence introduced was the note and mortgage, the rule contended for by the appellants, that it will be presumed that evidence was introduced supporting the judgment and that the pleadings will be deemed to have been amended to conform to the proof, has no application. See Schuman's, Inc., v. Missy Dress Co., 172 Okla. 211, 44 P. 2d 862; Cummings v. Inman, 119 Okla. 9, 247 P. 379; Gallaghar v. Petree, 103. Okla. 295, 230 P. 477; 34 C.J. 503.

In so far as Coleman v. Bowles, 72 Okla. 313, 181 P. 304, which is relied upon by appellant, is in conflict with the views herein expressed, the same is hereby overruled.

In view of our determination as to the effect of the judgment, it is unnecessary to consider the other contentions of the parties.

Affirmed.

HURST, C. J., and OSBORN, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur. DAVISON, V. C. J., and RILEY and WELCH, JJ., dissent.

---

RILEY, J. (dissenting). Actions are provided by law to settle controversies. A judgment is final and conclusive of all issues presented or which may have been presented. A judgment is not subject to collateral attack. 34 C.J.S. 914; 21 Am. Jur. 918; May v. Casker, 188 Okla. 448, 110 P. 2d 287; 34 C.J. 520; 31 Am. Jur. 204; Kemp v. Turnbull 198 Okla. 27, 174 P. 2d 384. It may be that the claim involved herein, arising on contract, was presented to the administratrix and proof of that fact established on the original trial. A petition is amendable to conform to proof, admitted without objection or by the adverse party. Century Ins. Co., Ltd., v.

Rice, 193 Okla. 418, 144 P. 2d 953; Vera State Bank v. Young, 147 Okla. 68, 294 P. 635. However, whether presentation of the claim was made to the administrator does not render the debt due and represented by a judgment a nonclaim.

The effect of a judgment rendered on a rejected claim is the establishment of the claim as against the estate of a deceased person "the same as if it had been allowed by the administrator", National Lumber & Creosoting Co. v. Robison's Estate, 48 Okla. 140, 149 P. 1133, for "looking to the substance, rather than the form of this judgment, it . . . was a legal adjudication of the allowance of the plaintiff in error's claim against the estate . . . it was the duty of the administrator . . . to pay the same in due course of administration". Id.; Salter v. Continental Casualty Co., 194 Okla. 26, 146 P. 2d 824.

The cases of McLeod v. Palmer, 189 Okla. 466, 117 P. 2d 770; Walker Drilling Co. v. Carlew Drilling Contractors, 109 Okla. 7, 234 P. 598; Pool v. Burson, 169 Okla. 277, 36 P. 2d 729, are not decisive. They concern issues presented on appeals from judgments.

The county judge has no exclusive jurisdiction of claims against an estate. Miller v. Bradburn's Estate, 106 Okla. 234, 233 P. 736; In re Barnett's Estate, 52 Okla. 623, 153 P. 653. The responsibility is primarily that of an administrator.

It would seem that presentation of the administrator to a claim against an estate, within the time provided by law for presentation of claims against an estate, by making the administrator a party to a suit to establish the claim, is equivalent to presentation of the claim to the administrator. 58 O.S. 1941 § 345. The foreclosure action was commenced within four months from date of notice to creditors.

A judgment rendered against an administrator in a proper court, in an action commenced within time for presentation of claim to the administrator, establishes the claim the same as if it

had been allowed by the administrator, and when the judgment is that the administrator pay in due course of administration the amount ascertained to be due, and a certified transcript of the judgment is filed in the county court, prior to distribution of the estate, showing such money judgment and a deficiency after foreclosure and sale of real property mortgaged to secure a claim arising upon contract against the deceased debtor, presentation of the claim to the administrator is obviated. 58 O. S. 1941 § 345.

A certified copy of the judgment for money and ordering foreclosure, and allowing a deficiency, was filed in the administration proceedings; the administrator was a party to that judgment. That claim arose on contract and was merged in the judgment. Filing of the claim with the administrator as required by the provisions of 58 O.S. 1941 § 333 would not more accurately present it. The matter is controlled by 58 O.S. 1941 § 345, "A judgment rendered against an executor or administrator, in the district court . . . , upon any claim for money against the estate . . . establishes the claim . . . ." Even a substantial compliance with the statute has been sustained by this court in the interest of creditors. Richison, Adm'x, v. Morris-Morton Drug Co., 182 Okla. 188, 76 P. 2d 1069. "Substantial compliance" is no new doctrine within this jurisdiction. Hamilton v. Blakeney, 65 Okla. 154, 165 P. 141.

In Iowa the proposition is sustained: "The institution of an action at law against estate of deceased grantee who had assumed mortgage indebtedness was equivalent to filing of claim on mortgage, against grantee's estate." Federal Land Bk. of Omaha v. Ditto, 227 Iowa, 475, 288 N. W. 618. Missouri approves, Wahle v. Murphy, 99 S. W. 2d 32; Tennessee follows the rule stated, Carroll v. Eblen, 156 S.W. 2d 412; and Arkansas, Fox v. Pinson, 182 Ark. 936, 34 S.W. 2d 459, 74 A.L.R. 583. Clayton v. Dinwoodey, 33 Utah, 251, 93 P. 723; Vance v. Hanson, 50 N.D. 446, 196 N.W. 750; 34 A.L.R. 348; Connecticut Life Ins. Co. v. Schurmeier, 117 Minn. 473, 136 N.W. 1; 24 C.J. 320; United States Gypsum Co. v. Shaffer, 7 Cal. 2d 454, 60 P. 2d 998.

The statutory requirement of presentation of a claim to an administrator or executor is not without exception. Murphy v. Colton, 4 Okla. 181, 44 P. 208, for a claim for contingent contractual attorney's fee need not be so presented, Correll v. Holt, 191 Okla. 622, 132 P. 2d 953. An action on a mechanic's lien within the time prescribed for filing such liens constitutes a compliance with the statute. Newman v. Kirk, 164 Okla. 147, 23 P. 2d 163.

The theory had advocacy that a claim for deficiency after foreclosure must be presented within one month after ascertainment of the deficiency—but the theory, by this court, was abandoned, Timmons v. Hanna Const. Co., 176 Okla. 180, 55 P. 2d 110, and decisions to the contrary were specifically overruled. Id.

The estate, adjudged to be liable, has had its day in court. Proper defenses that may have been urged are no longer presentable after the judgment became final.

If, in the affairs of men, their government provided a single just trial before a competent tribunal, and stopped there, jurisprudence would be advanced. The validity of the claim against the estate was established in such a trial.