CLEAGE et al. v. JACKSON et al.

No. 33038. June 8, 1948.

*194 P. 2d 843.*

Guy S. Manatt and Hudson, Hudson & Wheaton, all of Tulsa, for plaintiffs in error.

C. J. Davenport, of Sapulpa, and G. C. Spillers, of Tulsa, for defendants in error.

ARNOLD, J. This appeal brings here a sequel to the case of Jackson v. Cleage et al., 193 Okla. 210, 142 P. 2d 111. The merits of the action are not here involved, but the only question presented is one of probate procedure. The action was brought upon an alleged express contract for a commission of 2c per ton for crushed rock to be furnished by defendant to a construction company engaged in work on the Grand River Dam. The number of tons furnished was stated so that the amount claimed was definite and certain. Plaintiffs claimed the commission by virtue of the alleged contract whereby they claim to have brought plaintiff into contact with the construction company and thus secured for plaintiff the contract for furnishing the crushed rock. On the former appeal this court reversed the trial court as to the judgment against L. B. Jackson and affirmed the trial court as to its order granting Jackson a new trial in the action.

After the mandate went down, and on September 19, 1945, L. B. Jackson died testate and his will was duly admitted to probate. On October 3, 1945, Pearl S. Jackson, his widow, and Lewis B. Jackson, Jr., his son, were appointed joint executors of his estate, and on the same day they qualified, letters testamentary were issued to them and they posted and published notice to the creditors of the estate of L. B. Jackson, deceased. Thereafter, and within the four months' period fixed by statute for filing and presenting claims against the estate, plaintiffs made application for and procured an order reviving the action against the executors. In the original action, L. B. Jackson had filed an answer denying liability and setting up misrepresentation and fraud in the procurement of the alleged contract. He also filed a cross-petition in which he sought recovery of $4,000 paid to plaintiffs upon the alleged contract claiming that the payment was made by reason of the misrepresentations and fraud of plaintiffs in the procurement of the contract. The reply of plaintiffs to the answer of Jackson was a general denial and their answer to his cross-petition was in effect a general denial and no affirmative relief was sought by this answer to the cross-petition.

On February 20, 1946, the executors filed their motion in district court to dismiss the action as against them for the reason that no claim against the estate of L. B. Jackson, deceased, had been filed with and presented to them as executors of said estate nor with the county court within the four months' period allowed for presenting claims, and that plaintiffs' action against them was therefore barred. Thereafter, on May 7, 1946, the executors filed in the original action their written dismissal of the cross-petition without prejudice filed by L. B. Jackson during his lifetime. On September 19, 1946, the motion of the executors that the action be dismissed as to them was heard by the court and the motion sustained, resulting in this appeal.

The parties will be herein referred to as they appeared in the trial court.

For reversal of the judgment plaintiffs rely on the propositions that the court erred in sustaining the motion of the defendants to dismiss plaintiffs' cause of action, and second, that the court erred in overruling the motion of plaintiffs for a new trial. In the brief of plaintiffs their theory of the case and the authorities on which they rely are thus stated:

"Counsel for plaintiffs in obtaining said order of revivor and in serving the same upon said personal representatives were undertaking to follow the cases decided by this court to the effect that an order of revivor served upon a personal representative within the four months' period was a substantial compliance with the provisions of our nonclaim statute. Counsel had particularly in mind the case of Coleman v. Bowles, 72 Okla. 313, 181 P. 304, wherein this court expressly held that the service of such notice of revivor within the four months' period was a substantial compliance with the nonclaim statute. In following the procedure adopted the plaintiffs also gave consideration to the case of Bilby v. Hart-Parr Co., 102 Okla. 53, 226 P. 360, wherein the case of Coleman v. Bowles, supra, was approved, although distinguished."

It is thus apparent that plaintiffs' sole reliance for the procedure which they followed are the expressions of this court in the case of Coleman v. Bowles, supra, so it is necessary to analyze that authority in order to determine whether plaintiffs' reliance thereon as a proper guide for their procedure in the instant case was justified. There are so many dissimilarities in the fact situations presented by the records in the two cases that we are unable to recognize the controlling effect of the Bowles case in our determination of the question involved in the instant case.

In the Bowles case the action was for a partnership accounting and to compel the production in court of the books and papers relating to the partnership

in order that plaintiffs share of the profits of that business might be ascertained. In the instant case the action is upon an express contract for a definitely ascertained amount.

In the Bowles case the defendant had filed no answer at the time of his death, while in the instant case the issues had been clearly and definitely drawn during defendant's lifetime.

In the Bowles case, as in the instant case, revivor of the action was had within four months' period for presenting claims, but in that case, unlike the instant case, the administrator filed her answer to plaintiffs' petition within the four months' period. In the instant case the executors, after the expiration of the four months' period, filed their motion to dismiss plaintiffs' action as to them for the reason that no claim had been filed and presented to them for allowance as required by law.

In the Bowles case the record did not disclose that notice to creditors had ever been given by the administrator, while in the instant case the giving of this notice is admitted to have been done. In the Bowles case we find this language by this court:

"As we have seen, under section 6338, supra, no recovery could be had in the action unless proof be made of the presentation required. The statute seems to be plain, and ordinarily there would be no question but that the plaintiff would be required to make this proof before being entitled to a recovery. However that may be, it is not necessary for us at this time to decide this question, or as to whether or not the claim herein was of the kind that would come within the provisions of the statute. This, as we have seen, is an action commenced in the lifetime of W. D. Coleman for an accounting. The plaintiff was seeking the production of the books of the partnership into court for the purpose of having the court ascertain the amount due from the defendant to the plaintiff. The allegation of the petition was that the defendant, W. D. Coleman, had kept the books, had collected the rents and the profits, and had refused to account to the plaintiff for his interest in the partnership. The very nature of the action clearly demonstrates that the plaintiff could not consistently make the affidavit required in presenting the claim to the administratrix. In making the affidavit he would be required to swear that no payments had been made on the claim which were not credited thereon . . ."

It thus appears that the very nature of plaintiffs' action in that case precluded the preparation and presentation of a proper claim against the estate and would have required false swearing on the part of plaintiffs in order to comply with the statute as to authentication of the claim. That this consideration was a controlling one in excusing the filing and presentation of the claim is evident from the further language in the opinion wherein the court stated that the law does not require the doing of a futile thing. No such consideration can be given to the factual situation in the instant case.

In Bilby v. Hart-Parr Co., supra, which plaintiffs state was also considered by them in adopting their mode of procedure, this court said:

"Section 1244, supra, is plain, and precludes a recovery unless the claim is presented as therein required. In jurisdictions having like statutory provisions, it has been quite generally held that the presentation of a claim is a condition precedent to any recovery." (Citing cases.)

Our Probate Code in its provisions relating to claims against estates recognizes no deviation from the rules therein prescribed for presenting claims against estates. A claim is either presented or it is not presented. Under these sections a revivor of an action against the executors or administrators of an estate is not recognized by these statutes as a substitute for the method prescribed for presenting claims. By section 334 the form or affidavit for proving claims is specifically prescribed and this court said in the Bowles case, supra, that the plaintiff there could not

have made this affidavit and this was recognized as an excuse for not presenting the claim under the statute. Under our revivor statutes no affidavit of any kind is required. The revivor is made simply on motion after notice in the absence of consent to the revivor. There is no requirement in the revivor statutes which can take the place of the affidavit required by the Probate Code. To say that when the Legislature, in section 343, declared "no recovery shall be had in the action unless proof be made of the presentation required," that it intended that revivor of the action on motion should be a sufficient presentation of the claim, is to interpolate into the statute language which the Legislature did not deem it advisable to use. The executor of an estate may know nothing of the merits of an action pending at the death of the person he represents and it was evidently intended by the Legislature that he should be fully informed thereof in the mode prescribed for the presentation of a claim.

Instead of the rule of the Coleman case being applicable when the trial court passed upon the motion to dismiss as to the executors, the rule announced in the case of Pool v. Burson et al., Adm'rs, 169 Okla. 277, 36 P. 2d 729, was the applicable law. That rule is thus stated in the syllabus:

"Where an action is pending against one for damages for breach of contract and the defendant dies, the suit cannot be maintained against his personal representatives without the filing of a claim against his estate, as required by the Code of Probate Procedure, even though such action be revived within the four months' period allowed for the filing of claims." Fluke et al. v. Douglas, 158 Okla. 300, 13 P. 2d 210; Filtsch v. Sipe, 198 Okla. 356, 178 P. 2d 612.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and WELCH, GIBSON, and LUTTRELL, J. J., concur. RILEY, J., dissents.