THE STEARNS PAINT MANUFACTURING COMPANY, Plaintiff, v. COMSTOCK & McQUISTON *et al.*, Defendants, GEORGE A. MULLIN AND TWENTY-SIX OTHER CREDITORS OF DEFENDANTS, Appellants, GEORGE K. GIBSON, Receiver, Appellee.

Compensation of Receiver. In fixing the compensation of a receiver the court should base it upon the value of his services in connection with the trust and not on their value generally, and where the evidence discloses that the trust was executed and final report made in four months and the gross assets coming into his hands were less than $6000, an allowance for the receiver of $1200 and $100 per month for a bookkeeper was excessive.

Practice: NOTICE OF APPEAL. On an appeal an allegation of due service of the notice is sufficient without setting out the notice in full.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON, Judge.

TUESDAY, OCTOBER 20, 1903.

THE opinion states the case.—*Modified.*

*U. C. Blake* and *Redmond & Stewart* for appellants.

*Preston, Grimm & Moffit* for appellee.

WEAVER, J.—On October 24, 1901, the Stearns Paint
Manufacturing Company, doing business at Des Moines,
Iowa, brought an action, aided by attachment, against
Comstock & McQuiston, retail dealers in paints and wall
paper at Cedar Rapids, to recover the sum of $2,280
claimed to be due on account for goods sold to said defend-
ants, and in said proceeding obtained the appointment of
its own manager, George K. Gibson, as a receiver of the
stock and book accounts of the defendants, which had
been levied upon under the writ.  The receiver took pos-
session of the property on or about October 25, 1901.  The
inventory of the stock amounted to about $2,700, and the
credits to about $6,800.  From these assets there was
realized a total of $5,945.94, out of which was paid for
labor and other expenses $1,971.56.  The first report of the
receiver, dated January 25, 1902, indicates that the work
of the receivership was then practically completed, ex-
cept the disposition of a remnant of goods and accounts,
for the sale of which authority was asked and granted.
Thereafter the service of the receiver, as reported by him,
consisted in selling the stock in lump for $1,025; the sale
of equity in building for $280.76; and sundry small sales
and collections, $120.62.  These transactions were finally
reported to the court February 26, 1902, showing a net
balance in receiver's hands of $3,971.38.  Out of this sum
the receiver asked for his personal compensation $375 per
month for four months; compensation for bookkeeper,
three months, at $100, $300; and for attorney's fees, $300
—and that the remainder be ordered distributed *pro rata*
among the creditors, of whom some twenty-seven had filed
claims, to the amount of over $6,000.  This report was
approved, and the several allowances were made as asked
by the receiver.  Thereafter application was made on
behalf of the creditors to set aside said allowances as ex-
cessive, and upon a hearing had thereon the allowance to

the receiver was reduced to $1,200, and all other objections. overruled.    From this order the creditors appeal.

As already stated the receiver is the manager of plaintiff corporation, from which he was receiving a salary of $250 per month during all the time he was acting as re- ceiver in this action.    He also admits that dur- ing that period he was, at least to some small extent, traveling in the interest of his company, and that he was at home attending a sick child at least one week. The store was also closed one week from Christmas till New Year's.    The nature of the business, and its extent, while calling for the services of a reliable man, of some reasonable degree of experience, certainly presents no feature requiring extraordinary ability or skill.    The evidence of the witnesses having experience in that line, and testifying in the case, tends to show that the services of a receiver, including bookkeeping, in such a case, were fairly worth from $3 to $5 per day, and that the services of a bookkeeper alone were worth not to exceed $40 to $75 per month.    It seems to us very clear that the allowances upon both these items are exorbitant.    We make no question but the receiver performed the duties of the position faithfully and honestly.    It is very possible that his time was worth the munificent sum he demands for it, but the court must consider, not the value of his services in larger and more important affairs, but their value to the modest business of which he consented to take charge.    We have here a very small stock of goods, and a business presenting no especially serious complications.    The greater part of the stock was closed out by a sale in bulk, and the remnant of claims and accounts was disposed of in the same manner.    A few contracts taken by the insolvent firm were completed, and one of somewhat larger proportions was assumed by another contractor.    The chief part of the work seems to have been done within two months, and final report made within four months, from the date of

1. COMPENSA- TION of re- ceiver.

the receiver's appointment. There were incurred, as we have seen, expenses for various purposes—mostly for labor—to an amount of nearly $2,000. The claims presented by the receiver for his own services and those of his bookkeeper and attorney amount to $2,100, or an aggregate of $4,100, for settling a business involving a gross collection of $5,945. In our judgment, the evidence does not justify the allowance made, and $100 per month for the receiver and $50 per month for the bookkeeper afford ample compensation for the services rendered, and the judgment below will be modified acordingly.

The objection made by appellee to the sufficiency of the showing of notice of appeal is not well taken. We have frequently held that it is unnecessary to set out the notice in full, and that an allegation of due service, if undenied, is sufficient. *Augustine v. McDowell*, 120 Iowa, 401.

2. PRACTICE: notice of appeal.

Appellee asserts that some of the creditors named in the appeal have accepted their *pro rata* shares under the order of distribution made by the district court. This is denied by the appellants, and no record is presented in support of the allegation. The motion for an affirmance without modification as to such creditors is denied.

Modified as above indicated, the judgment of the district court will be affirmed at the cost of the appellee.— MODIFIED and AFFIRMED.