O. P. HERRICK, Appellant, v. WATSON P. DAVIDSON, et al., Appellees.

Receivers:   COMPENSATION:   DISCRETION.  The compensation to be allowed a receiver appointed by the court is largely a matter of discretion, and the allowance will not be disturbed on appeal unless an abuse of such discretion is shown. In the instant case an allowance of $50.00 per month is approved; it appearing that the receiver was to slight actual expense and gave the business but little personal attention.

*Appeal from Polk District Court.*—HON. CHAS. S. BRADSHAW, Judge.

TUESDAY, MARCH 17, 1914.

APPEAL from an order fixing the compensation to a receiver appointed by the district court of Polk county.—*Affirmed.*

*Patton, Nesbitt & Ralls,* for appellant.

No appearance for appellee.

DEEMER, J.—In proceeding to foreclose a mortgage upon what is known as the Observatory block in the city of Des Moines, plaintiff, O. P. Herrick, was appointed a receiver to take charge of the property. Herrick, prior to his appointment, was a second mortgagee of the property, but he afterward made an assignment of his mortgage to Watson P. Davidson. He served as receiver for several months, and handled approximately $15,000. When he filed his final report he showed that he had a balance on hand in the sum of $1,347.72, but by supplemental report showed that his balance was $1,-583:80, and he asked an allowance for his attorneys, which was granted, and the sum of $150 per month as compensation for his services. His claim for compensation was resisted by the creditors and owners of the property on various grounds, and the trial court after hearing the evidence, allowed him the sum of $50 per month to cover office expenses, postage, etc., amounting in the aggregate to $458.33, and the balance in his hands was ordered turned over to his successor. The receiver appeals.

Herrick commenced the foreclosure suit and asked for the appointment of a receiver to care for the property pending the suit on his second mortgage. Prior to his appointment as receiver, he entered into a stipulation with the holders of the first mortgage, from which we extract the following: "It is further agreed that whether O. P. Herrick or C. G. Van Vliet are receivers for said property under order of the district court

of Polk county, Iowa, neither shall receive compensation, allowances for clerk hire nor for attorney's fees, if the title to the said property is acquired pursuant to the terms hereof by said plaintiff or said cross-petitioner.'' After the entry of the decree in the main case, Herrick assigned his claim to W. P. Davidson. The decree appointing the receiver is not set out in the abstract, but he made a final report on November 18, 1912, tendering his resignation, and asked a discharge. Davidson and the Observatory Realty Company filed objections to the report, in which they claimed the receiver was improperly appointed without any notice being given them of the application, and for various other reasons. They also insisted that he was not entitled to any compensation because he was plaintiff, and could not be a receiver, and for the further reason that he had used various rooms in the building for his office, and had never paid any rent therefor, and that he had managed the property through agents and servants who had been fully compensated for their work.

Testimony was adduced by plaintiff tending to show the value of the receiver's services, and from this testimony we learn that the receiver occupied two large rooms in the building, for which he paid no rent; that he had a lady clerk who looked after the collection of the rents, who was paid $12 per week out of the funds coming into his hands; that he had an elevatorman who looked after the elevator and an engineer who looked after the machinery in the building whose compensation was paid out of the funds; and that altogether he employed eight men about the building. He paid out something in postage and for clerk hire, but the amounts are not shown. Herrick was a large contractor, engaged in drainage work, and during his receivership had contracts in at least six states, which required his attention. He admits that because of these contracts he was away from home an average of five days in each month, and that he gave attention to these matters while at home. Indeed the extent of his personal services in connection with the rental of the building, or in looking after

it, is not shown save by the barest inferences. He did not keep his postage and other accounts as receiver separate from his personal items and we have no data as to the amount of these expenses. The showing on his part as to actual work done and expenses incurred is not satisfactory, and, taking into account the help he had, the fact that what he did did not interfere with his other business, and that during all the time he had his office rooms in the building, rent free, we do not think we are justified in disturbing the allowance made by the trial court. The amount of compensation to be allowed a receiver appointed by the court is largely a matter of discretion, and we are not justified in interfering unless it affirmatively appears that such discretion has been abused. *Stearns Paint Co. v. Comstock*, 121 Iowa, 430.

The trial court was not bound to take any one's opinion as to the value of the services; and, as the record is not such as to convince us of any abuse of discretion, the allowance made by the trial court must be sustained, and the order will be, and it is—*Affirmed.*

LADD, C. J., and GAYNOR and PRESTON, JJ., concurring.