## IN RE ESTATE OF FRANK J. ANGERER.

FRANK BLANCHARD, Appellee, v. ANNA ANGERER, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Exempt Property—Waiver by
1 **Surviving Spouse.** A surviving spouse waives her right to her husband's exempt property when she, apparently in furtherance of her own personal interest, allows the property to be sold and the proceeds applied on the debts of the deceased.

**PRINCIPAL AND SURETY:** Subrogation—Filing Claim Against Estate.
2 A surety who, in a foreclosure suit which was *personal* as to himself, but solely *in rem* as to the estate for which he was surety, pays off a deficiency judgment, *must* file his claim against the estate in order to render effective his right of subrogation.

**MORTGAGES:** Receivership—Order as to Rents—Conclusiveness. In
3 mortgage foreclosure proceedings, an unappealed order to the receiver to rent the property during the redemption period and to pay the taxes from the rentals is conclusive on all party defendants.

MORTGAGES:     Receivership—Surplus of Rental—Right of Surviving
4   Spouse.  The right of the surviving spouse of an intestate deceased
to a balance of rentals accruing during redemption period and re-
maining after satisfaction of mortgage foreclosure judgment cannot
exceed one third of such balance.

Headnote 1:    24 C. J. p. 256.   Headnote 2:    24 C. J. pp. 331 (Anno.),
336.   Headnote 3:   27 Cyc. p. 1631.   Headnote 4:   27 Cyc. p. 1633 (Anno.)

*Appeal from Muscatine District Court.*—D. V. JACKSON, Judge.

NOVEMBER 16, 1926.

In the district court, two affiliated cases were consolidated
for trial.  They are here in the same form.  The appellant herein
sought relief in each case, which was denied her, and she ap-
peals.—*Affirmed.*

*John C. Higgins* and *Henry B. Witham*, for appellant.

*L. J. Horan*, for administrator and for receiver, appellees.

*John F. Devitt*, for Taylor and Connell, appellees.

*Matthew Westrate*, for Wilton Bank, appellee.

EVANS, J.—The appellant herein is the widow of Frank
Angerer, deceased, who died intestate January 12, 1923, and the
controversies herein arise out of the liquidation and settlement
of his estate.  One leg of the controversy is based upon certain
motions in the probate court in the matter of his estate; the
other leg upon a motion in a foreclosure suit of a real estate
mortgage.

The decedent left surviving him his widow and two small
children.  He was a farmer, and owned and operated a farm up
to the time of his death.  His estate proved to be involved in
1. EXECUTORS AND    indebtedness to such an extent as to render it
ADMINISTRA-        insolvent.  There was a very large amount of
TORS: exempt
property:          property which the widow could have claimed
waiver by sur-
viving spouse.     as exempt.  The larger bulk of such property
consisted of farm implements.  The appellant herein was a surety
with her husband upon the larger part of his indebtedness.  The
extent of her liability as such surety was between $20,000 and

$25,000. The real estate was all covered by three successive mortgages. The third mortgage was for something over $17,000. The note secured by this mortgage was signed by the appellant. This mortgage was held by one Blanchard, who foreclosed the same immediately following the death of the decedent. This is the foreclosure suit before us. The appellant employed a competent attorney of her own choosing, who filed an application by her for the appointment of Henry Angerer as administrator. Pursuant to this application, he was so appointed. Her counsel presented also an application to the court that all the household goods be set apart to the appellant as exempt, and also an automobile. He also prayed an allowance for her for one year's support to the amount of $1,500, all of which was allowed. The same attorney presented an application to the court on behalf of the administrator that he be authorized to hold a public sale forthwith, and this order was granted. A public sale was held on the premises, and all the property except that which had been set aside to the widow was sold at the public auction, and the proceeds thereof were charged by the administrator to himself, and were largely distributed to creditors under orders of the court.

The Blanchard foreclosure suit proceeded to decree and execution sale. Such sale was had on May 26, 1923, which left a deficiency judgment of more than $6,000 against the appellant herein. On July 3d following, the appellant paid such judgment, whereby, as surety, she became entitled to subrogation to the rights of the creditor against her husband's estate. The total proceeds of the public sale of all the personal estate, including exempt property, were somewhat more than $14,000. Personal claims filed within six months totaled somewhat more than $15,000, exclusive of the claim of the appellant for $6,000 as subrogee to the deficiency judgment, which she paid.

Her motions in brief were: (1) That all the exempt property left by the decedent be set apart to her, as provided by statute; (2) that the deficiency judgment of $6,000 be classified as a claim of the third class in her favor. The district court denied both motions. These present the principal questions to be considered.

I. The first motion was not presented or filed until March 30, 1925. This was two years subsequent to the sale. The trial

court found that she had waived her right to take the exempt property. This finding was predicated on her conduct and her general attitude with reference thereto. It is contended that the evidence before the court did not justify the finding. Some stress also is laid upon the claim that the evidence did not sustain the particular pleadings of the administrator, and that the circumstances relied upon by the court were not such as were pleaded by the administrator. Sufficient at this point to say that the administrator was under no burden of pleading at all. It was the right and duty of the court to pass upon the appellant's application in the light of all the facts and circumstances made to appear before it. All that had been done by the administrator had been done with the knowledge and acquiescence of the appellant. Throughout such proceedings she had the aid and counsel of her competent attorney. By mutual acquiescence, he acted as counsel both for her and for the administrator. The course pursued was not necessarily hostile to her ultimate interests. She might well have believed (and indeed might still believe) that it was to her ultimate interest to have the exempt property applied on the debts of the estate, and thereby to operate to her protection *pro tanto* as a surety. She was not expecting to continue farming operations. She did not continue the same. The only practical thing that she could do with such exempt property would be to sell the same. Having sold the same, she could not protect the proceeds against appropriation by her creditors for the payment of the obligations which she had assumed as surety for her husband. She had other property to protect. She was the beneficiary of a $10,000 life insurance policy, and of one third of an $11,000 life policy. She had thereby a very pressing personal interest in seeing that the debts of the estate were reduced to the lowest possible figure. Of course, she was not bound for that reason to waive her right to the exempt property, or to submit the same to pro-rata distribution by the administrator. But the fact that such a distribution did operate very substantially to her personal interest was a proper consideration for the court in giving significance to her actual acquiescence. It tended strongly to negative any claim that her acquiescence was inadvertent or ignorant or improvident. We are constrained to hold, therefore, in the light of all

these circumstances appearing in the record, that the finding by the trial court was fairly supported.

II.   Out of her insurance funds the appellant paid the $6,000 deficiency judgment.   The trial court adjudged her a mere surety, and as such, entitled to the subrogation claimed; and such subrogation was awarded to her by the court.   The question we have to do with at this point is, What was the extent of benefit accruing to her by reason of such subrogation?   Decree was entered against her within the six-months period, and her payment of the deficiency judgment was done within such period.   Her argument has treated this decree as though the mortgage debt had been established by the decree as a personal claim against the estate, and that, therefore, the decree met all the requirements of Sections 3338 and 3348 of the Code of 1897. If the argument were correctly premised, it could be sustained under the previous· decisions of this court.   The trial court found, however, that the plaintiff in the foreclosure suit made no personal claim against the estate.   The original notice served upon the administrator stated distinctly:

*2. PRINCIPAL AND SURETY: subrogation: filing claim against estate.*

"No personal claim is made against any of the defendants other than the said Anna Angerer" (appellant).

The petition contained no prayer for the establishment of a personal claim against the estate, nor did the decree purport to establish any.   The administrator was made a party defendant only for the purpose of cutting off all right or interest in the title to the real estate.   The decree was purely *in rem,* so far as he was concerned, and so far as all other defendants were concerned, except the appellant herein.   We are of the opinion that the trial court properly held, therefore, that the decree was not effective to establish a claim against the estate as of the date thereof.   This is so not because it *could not* have been so done, but because it *was not* so done.   When the appellant became subrogated to the right of the creditor, she acquired the right instanter to file a claim against the estate and to have the same established as a claim of the third class.   She failed· to do so. The creditor had failed to do so.   It could have been done in the foreclosure suit.   The decree was timely for that purpose.   Not being done therein, it could have been done thereafter by the appellant herself.

We see no escape for her from the holding of the district court.

III. In the foreclosure suit, the court appointed a receiver. Henry Angerer, who was acting as administrator, was named as receiver under the mortgage. The order appointing him directed

3. MORTGAGES:
receivership:
order as to
rents: conclu-
siveness.

that he rent the premises and that he pay the taxes out of the rents and that he pay the balance to whomsoever should be entitled thereto. Pursuant to such order, the receiver paid such taxes. The appellant claims that the amount thus expended, or a part thereof, belonged to her, as one being entitled to the possession of the property during the year of redemption. The court held that she was bound by the order, as made at the time. She was a party to the suit, and made no objection to the order. The order, when made, operated apparently to her benefit, in that the proceeds thus collected would have been subject to application on the deficiency judgment. At that time, also, she was an owner of the real property, and as such was interested in protecting the same against delinquency of the taxes. We think the court properly held that the order thus made, without objection, became binding on all parties to the pending litigation.

IV. There was left a surplus in the receiver's hands from the rents collected during the year of redemption. The administrator claimed them; likewise, the appellant. The trial court

4. MORTGAGES:
receivership:
surplus of
rental: right of
surviving spouse.

awarded to the appellant one third thereof. This was the full extent of her interest in the real estate. The court allowed the administrator to take the balance and apply the same upon the debts. Appellant complains of this portion of the order, because it encroached upon the rights of the minor children.. She does not appear to be in court as the guardian of her children. If any guardian *ad litem* was appointed for them, it does not appear in the record. Her appeal to this court brings before us no questions other than those that pertain to her individual rights. Such is the limit of our jurisdiction herein.

The foregoing comprises the principal questions argued. Other minor questions have been suggested, but we discover no error in them. Counsel for appellant has presented a very com-

plete and interesting brief; but the facts in the record have failed to join hands with it.

The orders of the district court are, accordingly, affirmed. —*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.