JAMES STAMP, Plaintiff, v. JOHN F. ECKHARDT et al., Defendants.

IOWA SAVINGS BANK, Appellant, v. JOE McCLELLAND, Receiver, et al., Appellees.

MORTGAGES:  Foreclosure—Who Entitled to Surplus Rent Money. Rent money in the hands of a receiver in senior mortgage foreclosure after said mortgage is satisfied in full is payable to the mortgagor or his assignee, in preference to a junior mortgagee who, while his mortgage contained a pledge of the rents, foreclosed his mortgage on cross-petition, without in any manner perfecting any lien on said rents by the appointment of a receiver for such rents. (See Book of Anno., Vol. 1, Sec. 12376, Anno. 85 *et seq.*)

Headnote 1: 42 C. J. p. 132 (Anno.)

Headnote 1: 19 R. C. L. 319.

*Appeal from Washington District Court.*—H. F. WAGNER, Judge.

OCTOBER 18, 1927.

Contest arising on the objections of the appellant, Iowa Savings Bank, a junior mortgagee, to the report of a receiver appointed at the instance of the senior mortgagee in the foreclosure of a real estate mortgage. The opinion states the facts. The

trial court overruled the objections, and determined that the surplus fund in the possession of the receiver should be paid to the intervener, E. C. Eicher, as assignee of the mortgagors, the senior mortgage indebtedness having been fully satisfied on execution sale. The bank appeals.—*Affirmed.*

*Wilson & Evans,* for appellant.

*Eardley Bell, Jr.,* for receiver, appellee.

*Livingston & Eicher,* for intervener, appellee.

DE GRAFF, J.—This action involves a contest over a fund in the hands of Joe McClelland, a receiver duly appointed on the application of plaintiff, James Stamp, in the foreclosure of a first mortgage. The legal controversy is between the Iowa Savings Bank (appellant), a mortgagee in junior mortgages, and the intervener, E. C. Eicher, the assignee of the equity of redemption.

The undisputed facts, briefly stated, are as follows: On August 18, 1921, the plaintiff, Stamp, holder of a first mortgage on certain described Washington County, Iowa, real estate, filed his petition in foreclosure, and by an amendment prayed for the appointment of a receiver. At the time the petition of foreclosure was filed, the Iowa Savings Bank was the owner of two junior mortgages on said real estate, and for said reason filed resistance to the appointment of a receiver, alleging in said resistance that, in the event that a receiver was appointed, "the bank would be compelled to redeem from plaintiff's mortgage, and must do so, or lose its claim."

It may further be observed that the record discloses that, on March 1, 1921, the mortgagor, John F. Eckhardt, and wife executed to one J. S. Fisher an instrument in writing, by the terms of which all of the mortgage liens involved herein were recognized, and it is further recited that:

"Having sold and conveyed all of said property to first party [Fisher] and being desirous of obtaining the opportunity to make payment of said indebtedness as to themselves [lien holders] personally, and if possible realize something for themselves [mortgagors] out of said property and first party [Fisher] being desirous of assisting second parties [mortgagors] to do, as far as reasonably possible, this agreement is made."

Under the agreement, the grantee, Fisher, leased the mortgaged premises to the grantor, Eckhardt, including all of the personal property located thereon, and further stipulated that Eckhardt should reside on said premises and care for same in good and "farmerlike manner," and that the proceeds of crops or increase of stock might be applied first to the payment by Eckhardt of any necessary expenses in connection with the operation of the farm, and secondly upon the note or notes secured by chattel mortgage to the Iowa Savings Bank of Wellman, and thereafter "upon such portions of said lien indebtedness as first party [Fisher] may direct or as may be agreed upon between the parties hereto." This lease operated from its date to March 1, 1922.

At this point it may be stated that the Iowa Savings Bank (junior mortgagee) further alleged, in its resistance to the application of the plaintiff (first mortgagee) for the appointment of a receiver, that, under the contract or trust-deed arrangement between the mortgagor Eckhardt and Fisher, as trustee for the bank, on the one side, and Eckhardt, on the other, the trustee was "entitled to receive the rents and profits for 1922 and being a party to this contract cannot be made subject to any orders of the court in the cause."

After the filing of the foreclosure, Fisher died, and his interests were transferred, through his legal representatives, by a quitclaim deed, on August 26, 1921, to one F. E. Rickey. In the foreclosure proceeding all of the above-named parties were made parties defendant.

Upon the hearing for the appointment of a receiver, the resistance was overruled, and an order was entered October 1, 1921, that:

"Joe McClelland be, and he is hereby, appointed receiver, to take possession of said premises, occupy and manage the same, and to control the rents and profits thereof, and to apply the same upon the indebtedness and claim of the plaintiff."

There was no appeal from this order, and the order became the law of the case in this particular. Subsequently the bank, as junior mortgagee, filed answer and cross-petition in the foreclosure action, and there was entered a foreclosure decree of the bank's mortgages, and judgment was entered against Eckhardt for the amount due, to wit, $20,805.18.

The decree entered November 22, 1921, from which no appeal was taken, also foreclosed the first mortgage, and on the judgment entered against Eckhardt special execution issued, and the premises were sold. It is sufficient to state that plaintiff, the holder of the first mortgage, was paid in full. There was no residue from the sale with which to pay any part of the judgment entered in favor of the bank, as junior mortgage lien holder. This brings us to the pivotal question in this case.

Did the trial court err in denying to the Iowa Savings Bank the fund in the hands of the receiver? The trial court, in ruling upon the objections of the bank to the receiver's report and his petition for a discharge, determined that the fund belonged to the intervener, E. C. Eicher, as the assignee of the mortgagor, Eckhardt, and predicates judgment on the following instrument, signed April 28, 1924:

"For value received we [Eckhardts] hereby sell, assign, and transfer and set over unto E. C. Eicher all of our right, title, and interest in and to any funds or property that is now or shall be in the hands or possession of Joe McClelland as receiver of the farm formerly owned by us and sold under foreclosure of the mortgage held thereon by James Stamp [plaintiff]."

What interest did the bank have at any time in the receivership fund? The bank made no application for a receiver, under its mortgages, although the third mortgage owned by the bank contained a pledging of the rents and profits. The bank made no application, either by cross-petition or independent action, to foreclose the alleged Fisher trust deed and contract, although Fisher was a party defendant in the main foreclosure action.

Rickey, as grantee in a quitclaim deed of Fisher's interest, acquired no title other than what Fisher had. Whatever interest came into being by virtue of the alleged trust agreement was barred by the execution sale. There was no redemption by any party to the trust agreement or by the bank. The only theory that tends to support the right of the bank to surplus rents and profits in the hands of the receiver must be predicated on the pledge of the rents and profits, as recited in the bank's third mortgage.

The order of appointment of the instant receiver, from which no appeal was taken, defines the power and duty of the receiver respecting the rents and profits in question. It is the

uniform holding and well settled rule of this jurisdiction that the mortgagee acquires no lien, by virtue of his mortgage, upon the rents and profits until foreclosure proceedings are commenced and the appointment of a receiver is prayed. *Cooper v. Marsh*, 201 Iowa 1262; *Young v. Stewart*, 201 Iowa 301, with cases cited.

The receivership in the instant case terminated *eo instante* when the judgment in favor of the senior mortgagee was satisfied. *Price v. Howsen*, 197 Iowa 324.

If we concede, arguendo, that the deed and trust agreement between Eckhardt and Fisher created rights in the bank as *cestui que trust* in either property or funds, those rights terminated when the decree of foreclosure was entered and no appeal taken. The only legal status that can be recognized in the appellant-bank, either under its foreclosed mortgages or as an alleged beneficiary under the alleged trust arrangement, is that a junior lien holder, whose right to the proceeds of a corpus of the mortgaged estate realized on execution sale is now lost, through its failure as a junior lien holder to redeem from the senior mortgage; and, as to any surplus rents and profits accruing from the mortgaged estate during the year of redemption, it must be held that the appellant-bank acquired no rights thereto, for the reason that it never asked or obtained the appointment of a receiver for the rents and profits claimed by it under the pledge contained in the junior mortgage, and it acquired no new rights under the alleged trust agreement.

Under the order appointing the receiver, upon the application of the senior mortgagee, the rents and profits were to be applied in payment of the plaintiff's mortgage. The history of the case discloses that it was not necessary to use the same for that purpose. The overplus defined by Sections 12378 and 12380, Code of 1924, to which junior liens may attach, includes only proceeds from the sale of the corpus of the mortgaged premises upon which the junior mortgage exists and is decreed to be a lien. It does not apply to rents and profits arising during the year of redemption upon which a mortgage, whether senior or junior, can be established as a lien, except and only when an application has been made for the appointment of a receiver and it is so ordered.

It must be conceded that the intervener, Eicher, as as-

signee, stands in no better or stronger position as to the surplus in the hands of the receiver than his assignors, the mortgagors, as of the date of the assignment. The question is: What was the legal status of the mortgagors at that time? The plaintiff, Stamp, is the only mortgagee having a lien upon the rents and profits. When that lien terminated, as it did, the title and interest in the overplus reverted to the mortgagors, as owners of the equity of redemption.

The order and decree of the trial court is—*Affirmed.*

EVANS, C. J., and STEVENS, ALBERT, and MORLING, JJ., concur.

WAGNER, J., not participating.