G. T. HAKES, Appellee, v. HOWARD G. PHILLIPS et al.,
Appellants.

MORTGAGES: Foreclosure—Acquiescing in Receivership Works Loss
of Right to Rents. A mortgagor who, knowing that a receiver is
being asked for in the foreclosure of a second mortgage, consents to
and acquiesces in a decree which, *inter alia*, appoints a receiver,
with direction (1) to lease the premises during the redemption year,
(2) to pay the taxes on the premises and the interest on a first
mortgage, and (3) to hold the balance subject to the orders of
court, loses all claim to the rents, even though the second mort-
gagee bid in the property for the full amount of his judgment, it
appearing that the receiver will hold no balance after complying
with the orders of the court. (See Book of Anno., Vol. 1, Sec.
12713, Anno. 42 *et seq.*; Sec. 12376, Anno. 85 *et seq.*; Vol. 2, Secs.
12372, 12713.)

Headnote 1:  42 C. J. p. 128 (Anno.)

*Appeal from Madison District Court.*—W. S. COOPER, Judge.

OCTOBER 25, 1927.

Application for an order requiring a receiver to turn over
certain funds to the applicant. The relief prayed was denied.
The facts appear in the opinion.—*Affirmed.*

*S. A. Hays,* for appellants.

*Leo C. Percival,* for appellee.

FAVILLE, J.—Appellee was the holder of a second mortgage
executed upon certain real estate by the appellant and his wife.
The appellee instituted an action for the foreclosure of said
mortgage. Original notice was served upon appellant and his
wife. The original notice recited that the appellee would ask for
the appointment of a receiver. The appellants appeared in said
action by their counsel, but did not file any pleading. A decree
was entered in said foreclosure proceeding. The decree was
marked "O. K." by appellants' counsel. The decree foreclosed
said mortgage, and directed a sale of the mortgaged property,

and provided for the appointment of a receiver, and that the receiver was to take charge of said real estate, lease the same for one year, and ''from the rent pay taxes on the land, interest on the first mortgage, and hold the balance subject to the orders of this court.'' No exceptions were taken to this decree, and no appeal prosecuted therefrom. It appears that the receiver rented said real estate in pursuance of said decree, and received the rents and profits therefrom during the year of redemption, and filed his report. After the period of redemption, the appellants herein filed an application in said cause, wherein they allege that the said real estate was sold under execution issued under said decree, and sold for the full amount of the appellee's judgment and costs, and that the said judgment was fully satisfied, and prayed that the receiver be required to turn over to the appellants the rents and profits received by him from said premises. It appeared by petition of intervention of the appellee, filed in said matter, that he had paid the sum of $552.50, interest on the first mortgage on said premises, under an agreement with the receiver that he would reimburse him therefor to the extent of any balance of said rents remaining in his hands. It appeared from the report of the receiver that he had paid certain taxes on said premises, and had in his hands a balance of $315.09, which he asked to be directed to pay to the appellee, to apply upon the said interest paid by the appellee on said first mortgage. Upon hearing had in said matter, the court denied the appellants' application to have said rents and profits turned over to them, and directed the receiver to use the money in his hands for the reimbursement of the appellee for interest so paid by him on the first mortgage.

I. The appellants now insist that the original decree was erroneous in providing for the appointment of a receiver. It is urged that the original notice was not sufficient to apprise the appellants that a receiver would be applied for in said action, with authority to collect the rents and profits during the year of redemption, and that the allegations of the petition were not sufficient to warrant the appointment of a receiver for said premises. No appeal was taken from the decree of foreclosure and the appointment of the receiver. The appellants were personally served with the original notice in said action. The notice did recite that the plaintiff in said action would ask for

the appointment of a receiver, and the petition prayed for the appointment of a receiver to take charge of said premises during the pendency of the foreclosure and the period of redemption. The appellants appeared in said original action by their counsel, and said counsel approved of the decree in said action, and indorsed his approval thereon. The decree recites the appearance of appellants by their counsel. The appellants were fully advised that a receiver would be asked for in said action, and also of the fact that the decree provided for the appointment of such receiver. The decree was entered by agreement of counsel. No appeal having been prosecuted therefrom, the decree must stand as a verity. It was not void, and we cannot review it on this appeal.

Conceding that the appellants are not in a position to now complain of the appointment of the receiver, the question arises as to the appellants' right, if any, in the rents and profits in the hands of the receiver, under the decree. Since the receiver was appointed, the mortgaged premises have been sold, and the appellee's claim has been satisfied in full. The appellee is not entitled to the rents and profits under his foreclosure, because his debt has been paid and satisfied in full. The appellants, as owners of the mortgaged premises, would have been entitled to the possession of the mortgaged premises during the year of redemption, and to the rents and profits therefrom, except for the terms of the decree. They would be entitled to an order upon the receiver to turn over said rents and profits also, were it not for the provisions of the original decree. As heretofore set out, said decree provided that the receiver should, "from the rent, pay taxes on the land, interest on the first mortgage, and hold the balance subject to the orders of this court."

We had a somewhat similar situation in the case of *In re Estate of Angerer*, 202 Iowa 611, wherein, referring to the appointment of a receiver, we said:

"The order appointing him directed that he rent the premises and that he pay the taxes out of the rents and that he pay the balance to whomsoever should be entitled thereto. Pursuant to such order, the receiver paid such taxes. The appellant claims that the amount thus expended, or a part thereof, belonged to her, as one being entitled to the possession of the property during the year of redemption. The court held that

she was bound by the order, as made at the time. She was a party to the suit, and made no objection to the order. The order, when made, operated apparently to her benefit, in that the proceeds thus collected would have been subject to application on the deficiency judgment. At that time, also, she was an owner of the real property, and as such was interested in protecting the same against delinquency of the taxes. We think the court properly held that the order thus made, without objection, became binding on all parties to the pending litigation."

Acting under the original decree, which, as we have seen, was entered by consent, the receiver was directed to pay the interest on the first mortgage on said premises out of the rents and profits. This the receiver reports he intends to do. This is in exact accordance with the provisions of the original decree. The purchaser at the foreclosure sale had a right to rely upon this provision in the original decree, in making his bid for the property. The trial court did not err in holding that the appellants were bound by the terms of the original decree, which, by express provisions, directed the application of the rents and profits to be collected by the receiver to the payment of taxes and the interest on the first mortgage. The rents and profits in the hands of the receiver must be disposed of as provided by the terms of the original decree. The order of the district court does this, and it is, therefore,—*Affirmed*.

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.