IN RE ESTATE OF PAUL RANDLE.

GERTRUDE E. RUSH, Administratrix, Appellant, v. GILBERT RANDLE et al., Appellees.

No. 46762.

NOVEMBER 13, 1945.

Gertrude E. Rush, of Des Moines, pro se.

W. Lawrence Oliver, of Des Moines, for appellees.

MULRONEY, J.— Objections were filed to the final report of the administratrix, Gertrude E. Rush, in the estate of Paul Randle, deceased. The objectors, the heirs of Paul Randle, contended the administratrix had handled the estate irregularly by not getting orders of court to make payments; by failing to file a complete inventory; and by asking allowance to the widow of $127.75 for a payment the widow had made on the funeral bill, when in fact the latter received more than this sum, or $174, from the United Mine Workers' Union to apply on such funeral bill.

By an amendment to the final report the administratrix stated that her receipts included $112.99 which were exempt to the widow as funds earned by the deceased within ninety days of his death.

The matter was referred to the referee and after hearing he recommended an allowance of the objection with respect to the proposed payment to the widow of $127.75 which she had paid on the funeral bill and he, in effect, charged the widow with an additional sum of $46.25 which the administratrix had paid on the funeral bill, the result being that the full $174

which the widow received from the union was applied on the funeral bill. He overruled other objections and recommended a disbursement schedule to the widow and four heirs based upon receipts which included the $112.99 as general assets of the estate. The administratrix and the widow filed objections to the referee's report claiming that the $112.99, representing wages earned by the deceased within ninety days of his death, was exempt to the widow and should be paid over to her, and the funeral expenses the widow advanced should be refunded to her and she should not be charged with the estate's payment on the funeral bill.

The district court of Polk county accepted the recommendations of the referee's report and decreed disbursement pursuant to the referee's recommendations.

I.   The referee and the district court were right in allowing the objection with respect to the proposed payment to the widow for an advancement on the funeral bill. The record shows that the widow received $174 from the United Mine Workers of America, Local Union No. 2485, to apply on the funeral expenses of the deceased. The money was raised by an assessment of $1 per member under a bylaw providing that the fund so raised was ''for the purpose of applying on the payment of funeral expenses * * * .'' She applied $127.75 on the funeral bill and the estate paid $46.25 on this bill. She was not entitled to the refund of $127.75 and she should, in the final accounting, be charged with $46.25 paid by the estate. The authorities with respect to the right of a surviving spouse to reimbursement for funeral expenses paid by such spouse are not in point. The widow made no such advancement from her own funds. She made the payment from funds turned over to her for the purpose of paying this funeral bill. The result of the allowed objection is that the full $174 is devoted to defraying a part of the funeral expenses. The trial court was right in so holding.

II.   The objection of the widow and of the administratrix to the referee's report, which included the money earned by the deceased within ninety days of his death as part of the general assets, should have been sustained. It is admitted that the funds were earned within ninety days of decedent's death.

The only authority cited by the referee in his report and by appellees in their brief is In re Estate of Angerer, 202 Iowa 611, 210 N. W. 810. But the record in that case was quite different from the record here. There the widow allowed property which she could have claimed as exempt to be sold by the administrator of her husband's estate and the proceeds applied upon debts for which she was surety. We pointed out that this was the practical thing for her to do under the circumstances in that case and refused to allow her petition to set the sale aside two years later.

Under the record here, the exempt fund was not used to pay claims for which the widow was liable. The objecting heirs cannot be heard to argue that the widow intended to waive her exempt funds so that they can be turned over to them. The fact that the administratrix did not, in her inventory, set these funds apart as exempt to the widow is immaterial. These funds are given to the widow by law. Section 11918, Code of 1939. She lost no right to claim the exempt property by failing to object to the inventory. Section 11757, Code of 1939; In re Estate of Ring, 132 Iowa 216, 109 N. W. 710.

For the reasons stated, the judgment of the trial court is affirmed with respect to the objection concerning the funeral expenses, and reversed with respect to the item of $112.99, which latter sum is to be turned over to the widow as exempt. —Affirmed in part; reversed in part.

All JUSTICES concur.