**FIRSTAR BANK AMES,**
**Plaintiff–Appellee,**

v.

**Perry POSTON, Jr., Jayne Poston, Charles P. Andrea and Marie S. Andrea, Defendants–Appellees,**

**Jill Schwartz and Schwartz's Systems Corporation, Receivers– Appellants.**

**No. 94–1636.**

Court of Appeals of Iowa.

May 31, 1996.

Louis R. Hockenberg and Jill Mataya Corry of Sullivan & Ward, P.C., Des Moines, for appellant.

Glen C. Sedgwick, Ames, for appellees Poston and Andrea.

Deborah Krauth of Newbrough, Johnston, Brewer, Maddux & Nadler, Ames, for appellee Firstar Bank Ames.

Considered by HABHAB, P.J., and Cady and HUITINK, JJ.

CADY, Judge.

The receiver in a mortgage foreclosure proceeding appeals a district court's order requiring her to reimburse fees received in excess of $1,500 a month and voiding a contract she entered into with a professional management company. Our review of this equitable proceeding is de novo. Iowa R.App. P. 4. We affirm.

### I. Factual Background

On March 29, 1994, Firstar Bank Ames ("Firstar") filed a petition to foreclose a mortgage executed by the defendants, Perry and Jayne Poston and Charles and Marie Andrea, on the Ames Motor Lodge. Jill Schwartz, doing business as Schwartz's Systems Corporation, had been the accountant for the motel since 1986. After being contacted by John Russell, a vice-president of Firstar, Schwartz was appointed receiver for the property on May 2, 1994. The order appointing Schwartz provided:

> THEREFORE, it is ordered by this Court that Jill Schwartz of Schwartz's Systems Accounting, 408 Kellogg Avenue, Ames, Iowa, 50010, should be and she is hereby appointed as receiver to take immediate possession and control of the real estate which is subject of the foregoing action for the purpose of renting and rerenting the same, collecting rent and profits, and from such profits pay all expenses associated

with the business of the property, including but not limited to, reimbursement to Firstar Bank Ames, Ames, Iowa, for payment of utilities upon said property, and account to mortgagors only the net profits after paying all expenses and costs associated with the receivership and foreclosure.

The motel was in serious financial difficulty at the time of Schwartz's appointment. The property was in disrepair and was delinquent on its payments for utilities and taxes. Schwartz contacted the attorney for Firstar to ascertain the powers of a receiver. The attorney informed Schwartz she was required to do what was necessary to rent the premises, collect the rent, and pay the bills. Schwartz decided she needed to hire a professional property manager to carry out her duties. She testified she felt she had authorization from Firstar to hire a professional manager. She also testified Firstar agreed to the payment of $350 a month for receiver fees and $350 a month for bookkeeping services.

After contacting numerous persons regarding the property manager's position and finding none who could or would take the position, Schwartz entered into a "Management Agreement" on May 15, 1994, with her husband, Howard Musin, of Murtz Enterprises. The contract provided the manager to be paid an average hourly fee of $75.00, plus expenses. Musin took numerous steps to repair the property, evict nonpaying tenants, and market the business to attract more customers. Musin claimed he worked 268.5 hours from May to August 1994. As a result of the increased revenues from the motel, Schwartz was able to repay most of the delinquent utilities and taxes.

On August 8, 1994, a decree of foreclosure was entered and Firstar sought the removal of Schwartz as receiver. The court removed the receiver and set a hearing for an accounting of the receivership's receipts and expenditures. The accounting reflected the receiver charged $2,100 plus $1,233.71 as expenses for her services. The management service charged $19,825 for management fees and $4,198.01 for expenses. The receiver's appellate briefs indicate Musin actually received payment for only $9,400 of his management fees and reimbursement for his expenses.

Following the hearing on the receiver's accounting, the district court concluded a reasonable receiver's fee was $1,500 per month and any sums received by Schwartz or any person engaged to function on her behalf in excess of that amount had to be reimbursed by the receiver. The motel was subsequently sold to Firstar through a sheriff's sale in the amount of its judgment against the mortgagors.

Schwartz claims the judgment against her should be reversed since there is no longer a party in interest who can enforce it. She maintains any interest Firstar had was satisfied by the sale of the property. She claims the mortgagors no longer have a claim to the funds generated during the receivership since they no longer owe any money to Firstar.

Schwartz additionally argues the district court erred in concluding the contract between herself and Murtz Enterprises was null and void. She claims she entered the contract in good faith in her capacity as receiver. She also asserts her husband's work on the property was extremely beneficial to the ultimate owner, Firstar. Schwartz points out the property was extensively remodeled and the revenues increased markedly after her husband took over as property manager. She argues the district court lacked sufficient evidence in ordering her to reimburse funds used to pay certain receiver and professional manager expenses.

## II. Party in Interest

■ Schwartz first argues the judgment against her should be reversed because there is no longer any party in interest who can enforce the judgment. She contends the judgment is moot as to Firstar since its judgment against the mortgagors was satisfied in full. *See Hakes v. Phillips*, 204 Iowa 603, 605, 215 N.W. 645, 646 (1927) (mortgagee not entitled to rents and profits where mortgagor's debt to it had been paid and satisfied in full).

A review of the supreme court file reveals counsel for Firstar sent a letter to the clerk

of the supreme court informing the court Firstar was no longer a party in interest and would not be participating in the appeal of this case. Given these circumstances, Schwartz is correct in arguing Firstar has no interest in the judgment which is the subject of this appeal.

■ Schwartz argues this case is also moot as to the mortgagors. She contends because the judgment against the mortgagors was satisfied, they no longer have a claim to funds generated during the receivership. We reject this argument. The funds which the district court ordered the receiver to reimburse are a portion of the rents and revenues generated during the receivership prior to the foreclosure sale. A mortgagor is entitled to rents, issues and profits collected by a receiver:

> except where the rents issues, and profits are *properly* applied to the payment of the mortgage debt, the maintenance of the mortgaged property, or the satisfaction of charges on the property, and except as the court may direct their application for the protection of the mortgagee's rights.

55 Am.Jur.2d *Mortgages* § 1013 (1971) (emphasis added). Our prior case law supports the position a mortgagor has an interest in rents and profits in the hands of a receiver. *See Stamp v. Eckhardt,* 204 Iowa 541, 546, 215 N.W. 609, 611 (1927) (mortgagor entitled to rents and profits collected by receiver where mortgagee has not perfected its interest in the funds); *Hakes,* 204 Iowa at 605, 215 N.W. at 646 (mortgagor entitled to rents and profits where not contrary to provisions of foreclosure decree).

As owners of the motel, the appellees clearly had an interest in the rents and profits resulting from its operation during the foreclosure proceedings. The court order appointing the receiver recognized the mortgagors' interest in the rents and profits remaining after payment of the expenses and costs associated with the receivership. This order is consistent with the statute providing for the application of rents in a receivership. *See* Iowa Code § 654.14(4) (1993).

The subsequent satisfaction of the judgment against the mortgagors by the sale of the motel does not eliminate their property interest in the rents and profits collected by the receiver. To the extent the receiver was ordered to reimburse funds generated prior to the foreclosure sale, the owners have a property interest in those funds and are entitled to receive them. We reject Schwartz's claim there is no party in interest who can enforce the judgment.

### III.   Contract with Professional Property Manager

■ The district court concluded the receiver entered into the property management agreement without court authorization, which was an improper delegation of authority. The court held the contract was void. On appeal Schwartz claims her execution of the contract was within her authority as receiver, and it should be ratified.

■ The powers of a receiver are set forth in the Iowa Code.

> Subject to the control of the court, a receiver has power to bring and defend actions, to take and keep possession of property, to collect debts, to receive the rents and profits of real property, and, generally, to do such acts in respect to the property committed to the receiver as may be authorized by law or ordered by the court.

Iowa Code § 680.4 (1993). A receiver is an officer appointed by the court to take into its custody the control and management of property or funds of another pending judicial determination of its proper distribution. *Iowa State Commerce Comm'n v. Manilla Grain Terminal, Inc.,* 362 N.W.2d 562, 564 (Iowa 1985). The powers of a receiver cannot extend beyond the authority granted by the court. *Rudolph v. Davis,* 237 Iowa 1383, 1387, 25 N.W.2d 332, 334 (1946).

■ In prior cases receivers have been advised to obtain instructions or approval from the court prior to adopting or entering into contracts. *See First Nat'l Bank of Albia v. White Ash Coal Co.,* 188 Iowa 1227, 1233, 176 N.W. 287, 289 (1920); *Maxwell v. Missouri Valley Ice & Cold Storage Co.,* 181 Iowa 108, 117, 164 N.W. 329, 332 (1917). Where a receiver enters a contract prior to receiving court authorization, a subsequent ratification of the action by the court makes it as legal and binding as if it had been authorized in advance. *Anderson v. Arm-*

**344**

*strong,* 264 N.W.2d 619, 622 (Iowa App.1978). However, contrary to Schwartz's assertions, the management agreement in this case was too costly to be deemed beneficial to the interested parties. *See Sprague, Warner & Co. v. Iowa Mercantile Co.,* 186 Iowa 488, 493–494, 172 N.W. 637, 639 (1919) (court will approve contract where receiver acted in good faith and contract appears beneficial to interested parties).

The district court declined to ratify Schwartz's contract with Musin and we affirm that decision for several reasons. First, the receiver made the contract with her husband. This personal relationship subjects the contract to heightened scrutiny as it raises a concern whether the receiver was acting in the best interest of the estate or in her own financial interest. A second objection to the contract is that it reimburses Musin for performing numerous duties that could have been performed by someone for far less than $75.00 per hour. Finally, we agree with the district court Musin's fees were exorbitant given the nature of the motel and the income it could reasonably be expected to generate. This was a small motel which attracted weekly or monthly guests, and was managed prior to the receivership by a person who was paid $500 a month plus a room. It was unreasonable during the period of the receivership to increase the monthly management expenses over $6,000 by hiring a manager to oversee the on-site manager. Given these circumstances, the district court was correct in refusing to ratify the unauthorized contract.

### IV. Sufficiency of Evidence to Order Reimbursement

██ It was within the district court's discretion to determine a reasonable receiver's fee. *Herrick v. Davidson,* 164 Iowa 462, 465, 145 N.W. 907, 907 (1914). We find the record supports the award of $1,500 per month and the order to reimburse amounts received in excess thereof.

**AFFIRMED.**

VOGEL, J., takes no part.